## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE EASTMAN KODAK ERISA LITIGATION | MASTER FILE NO. 6:12-CV-06051-DGL |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, PRELIMINARILY CERTIFYING A CLASS FOR SETTLEMENT PURPOSES, APPROVING FORM AND MANNER OF CLASS NOTICE, PRELIMINARILY APPROVING PLAN OF ALLOCATION, AND SETTING DATE FOR FAIRNESS HEARING**

This Action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"), with respect to the Eastman Kodak Employees' Savings and Investment Plan (the "SIP") and The Kodak Employee Stock Ownership Plan (the "ESOP") (collectively, the "Plans").

The terms of the Settlement are set out in the Class Action Settlement Agreement ("Settlement Agreement") dated April 22, 2016 (the "Settlement"), executed by counsel on behalf of the Plaintiffs and the Defendants.[1]

The Court preliminarily considered the Settlement to determine, among other things, whether the Settlement is sufficient to warrant the issuance of notice to members of the proposed Settlement Class. Upon reviewing the Settlement Agreement, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

---

[1] Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

1.      **Class Findings:**  Solely for the purposes of the Settlement, the Court finds that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court and any other applicable law have been met as to the Settlement Class defined below, in that:

(a)      The Court preliminarily finds for purposes of settlement only, as required by FED. R. CIV. P. 23(a)(1), that the Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable.

(b)      The Court preliminarily finds for purposes of settlement only, as required by FED. R. CIV. P. 23(a)(2), that there are one or more questions of fact and/or law common to the Settlement Class.

(c)      The Court preliminarily finds for purposes of settlement only, as required by FED. R. CIV. P. 23(a)(3), that the claims of the Plaintiffs are typical of the claims of the Settlement Class.

(d)      The Court preliminarily finds, for purposes of settlement only, as required by FED. R. CIV. P. 23(a)(4), that the Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of the Plaintiffs and the nature of their alleged claims are consistent with those of the members of the Settlement Class; (ii) there appear to be no conflicts between or among the Plaintiffs and the Settlement Class; and (iii) the Plaintiffs and the members of the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated ERISA class actions.

(e)      The Court preliminarily finds for purposes of settlement only, as required by FED. R. CIV. P. 23(b)(1) and (b)(2), that the prosecution of separate actions by individual

members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this Action; or (ii) adjudications as to individual Settlement Class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede the ability of such persons to protect their interests; and that the Plaintiffs allege that the Defendants have acted on grounds that apply generally to the Settlement Class and the declaratory relief is appropriate.

(f)     The Court preliminarily finds for purposes of settlement only, as required by FED. R. CIV. P. 23(g), that Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class, in that Class Counsel: (i) have done appropriate work identifying or investigating potential claims in the action; (ii) are experienced in handling class actions and (iii) have committed the necessary resources to represent the Settlement Class.

2.     **Class Certification**: The Court, in conducting the settlement approval process required by FED. R. CIV. P. 23, certifies solely for purposes of settlement the following class under FED. R. CIV. P. 23(b)(1) and (b)(2) (the "Settlement Class"):

> All Persons who, at any time during the period from January 1, 2010 through March 31, 2012 (the "Class Period"), (a) were participants in or beneficiaries of The Kodak Employee Stock Ownership Plan (the "ESOP"), and/or (b) were participants in or beneficiaries of the Eastman Kodak Employees' Savings and Investment Plan (the "SIP"), and whose SIP Plan accounts included investments in the Kodak Stock Fund. Excluded are Defendants and their Immediate Family Members, any entity in which a Defendant has a controlling interest, and their heirs, Successors-in-Interest, or assigns (in their capacities as heirs, Successors-in-Interest, or assigns).

The Court appoints Settlement Class members Katherine Bolger, Mark Gedek, Thomas W. Greenwood, Allen E. Hartter, Mark J. Nenni, Sandy Paxton, and Sue Toal as representatives

3

for the Settlement Class and appoints Izard Nobel LLP and Connolly Wells & Gray, LLP as Class Counsel for the Settlement Class.

Preliminary certification of a Settlement Class pursuant to the terms of the Settlement Agreement shall not constitute and does not constitute, and shall not be construed or used as an admission, concession, or declaration by or against Defendants that (except for the purposes of the Settlement) this Action or any other action is appropriate for litigation class treatment under FED. R. CIV. P. 23, or any similar federal or state class action statute or rule.

3.   **Preliminary Findings Regarding Proposed Settlement**: The Court preliminarily finds that (i) the proposed Settlement resulted from extensive arm's-length negotiations, including mediation, (ii) the Settlement Agreement was executed only after Class Counsel had conducted appropriate investigation and discovery regarding the strengths and weaknesses of Plaintiffs' claims, (iii) Class Counsel have concluded that the proposed Settlement is fair, reasonable, and adequate, and (iv) the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed Settlement to the Settlement Class. Having considered the essential terms of the Settlement under the recommended standards for preliminary approval of settlements as set forth in relevant case law, the Court finds that those whose claims would be settled, compromised, dismissed, and/or released pursuant to the Settlement should be given notice and an opportunity to be heard regarding final approval of the Settlement and other matters.

4.   **Fairness Hearing**:   A hearing is scheduled for **August 22, 2016 at 2:00 p.m.** (the "Fairness Hearing"*)* to determine, among other things:

  ⦿      Whether the Settlement merits final approval as fair, reasonable and adequate;

4

- Whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement;

- Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement;

- Whether the proposed Plan of Allocation should be approved; and

- Whether any application(s) for attorneys' fees and expenses and Case Contribution Awards to the Plaintiffs are fair and reasonable and should be approved.

5.      **Class Notice**: The Court hereby approves the selection of A.B. Data, Ltd. as the Settlement Administrator.

6.      The Plaintiffs have presented to the Court a proposed form of Mail Notice, appended hereto as Exhibit A, Long-Form Notice, appended hereto as Exhibit B, and Summary Notice, appended hereto as Exhibit C.

7.      The Court hereby approves, as to form and content, the Mail Notice, the Long-Form Notice, and the Summary Notice.

8.      The Court finds that such forms fairly and adequately: (a) describe the terms and effect of the Settlement and the Plan of Allocation; (b) notify the Settlement Class that Plaintiffs' Counsel will seek attorneys' fees and reimbursement of expenses from the Settlement Fund, and for Case Contribution Awards for each of the Plaintiffs for their service in such capacity; (c) give notice to the Settlement Class of the time and place of the Fairness Hearing; and (d) describe how the recipients of the Notice and Summary Notice may object to any of the relief requested. The Plaintiffs have proposed the following manner of communicating the notice to members of the Settlement Class, and the Court finds that such proposed manner is (i) the best notice

practicable under the circumstances, (ii) constitutes notice reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Fairness Hearing, (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to notice and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law.  Accordingly, the Court directs that:

- Within ten (10) business days after entry of this Order, the Parties shall provide the Settlement Administrator, in an electronic format requested by the Settlement Administrator, the names and last known addresses of the Settlement Class members and shall make best efforts to timely respond to any reasonable written requests for data necessary to effectuate notice and implement, enforce or determine the administrability of a Plan of Allocation (as described and/or provided for herein), where such data is in the custody or control of Defendants or their present or former agents. The names and addresses that Class Counsel and the Settlement Administrator obtain pursuant to this Order shall be used solely for the purpose of providing notice of this Settlement and for no other purpose.

- Within twenty-one (21) days after entry of this Order, the Settlement Administrator will (a) cause the mail notice ("Mail Notice"), with such non-substantive modifications thereto as may be agreed upon by the Parties, to be mailed, by first-class mail, postage prepaid, to the last known address of each member of the Settlement Class who can be identified by reasonable effort, and (b) post the Long-Form Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, the Settlement Agreement and its  Exhibits,

6

and this Order on the dedicated settlement website, which shall be accessible to the public.

• Within thirty-five (35) days after entry of this Order, the Settlement Administrator will cause the Summary Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be transmitted over *PR Newswire*.

9.      At or before the Fairness Hearing, Class Counsel shall file with the Court proof of timely compliance with the foregoing mailing and publication requirements.

10.     **Notice Expenses**: The expenses of printing and mailing and publishing all notices required hereby shall be paid from the Settlement Fund.

11.     **Objections to Settlement**: The Court will consider written comments and/or objections to the Settlement, to the Plan of Allocation, to the proposed award of attorneys' fees and expenses, or to the request for Case Contribution Awards for the Plaintiffs so long as such written comments or objections are filed with the Court Clerk on or before twenty-one (21) days before the date of the Fairness Hearing, comply with the requirements of Paragraph 12 below, and are served on the Parties at the following addresses:

*For Filing with the Court:*

Clerk of the U.S. District Court for the Western District of New York
2120 Kenneth B. Keating Federal Building
100 State Street
Rochester, NY 14614
Re: *In re Eastman Kodak ERISA Litigation*, Civil Action No. 12-06051-DGL

*To Class Counsel:*

Gerald Wells III
**CONNOLLY WELLS & GRAY, LLP**
2200 Renaissance Boulevard
King of Prussia, PA 19406

Mark P. Kindall
**IZARD NOBEL LLP**
29 South Main Street, Suite 305
West Hartford, CT 06107

*To Counsel for the Kodak Defendants:*

William J. Kilberg
Paul Blankenstein
**GIBSON, DUNN & CRUTCHER LLP**
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306

*To Counsel for the BNY Mellon Defendants:*

James O. Fleckner
Alison V. Douglass
**GOODWIN PROCTER LLP**
Exchange Place
53 State Street
Boston, MA 02109

12.     The Court will consider written comments and objections to the Settlement that are signed by the Settlement Class member and are timely filed with the Court and include all of the following: (a) the Settlement Class member's full name, address, and telephone number; (b) a statement that the objector is a Settlement Class member and an explanation of the basis upon which the objector claims to be a Settlement Class member; (c) all grounds for the objection; (d) a statement as to whether the Settlement Class member or his or her counsel intends to personally appear and/or testify at the Fairness Hearing; (e) a list of any persons the objector or his or her counsel may call to testify at the Fairness Hearing in support of the objection; and (f) the signature of the objector or the signature of a duly authorized attorney or other duly authorized representative for the objector. Any member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this

paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred absent an Order from the Court.

13.      **Appearance at Fairness Hearing**: Anyone who files and serves a timely, written comment or objection in accordance with this Order may also appear at the Fairness Hearing either in person or through qualified counsel retained at their own expense. Those persons or their attorneys intending to appear at the Fairness Hearing must effect service of a notice of intention to appear setting forth, among other things, the name, address, and telephone number of the Settlement Class member (and, if applicable, the name, address, and telephone number of that Settlement Class member's attorney) on Class Counsel and Defendants' counsel (at the addresses set out above) and file it with the Court Clerk by no later than twenty-one (21) days prior to the date of the Fairness Hearing. Anyone who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except by Order of the Court for good cause shown. Any comment or objection that is timely filed will be considered by the Court even in the absence of a personal appearance by the Settlement Class member or that Settlement Class member's counsel.

14.      **Report of Independent Fiduciary**: The report of any Independent Fiduciary retained to review the Settlement shall be filed with the Court at least thirty (30) days prior to the date of the Fairness Hearing.

15.      **Papers in Support of Settlement, Plan of Allocation, Attorneys' Fees and Expenses, and Case Contribution Awards**: Class Counsel shall submit their papers in support of final approval of the Settlement, the proposed Plan of Allocation, and Plaintiffs' Counsel's applications for attorneys' fees, expenses, and case contribution awards at least forty-five (45) days prior to the date of the Fairness Hearing. The Parties may submit papers in response to any

9

timely-filed objections and/or to the report of the Independent Fiduciary by no later than ten (10) days prior to the Fairness Hearing.

16. **Service of Papers**: Defendants' counsel and Class Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

17. **Termination of Settlement**: This Order shall become null and void, *ab initio*, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions as of the day immediately before the Parties executed the Settlement Agreement, if the Settlement is terminated in accordance with the terms of the Settlement Agreement.

18. **Use of Order**: This Order is not admissible as evidence for any purpose against Defendants in any pending or future litigation involving any of the Parties. This Order shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability and Defendants specifically deny any such fault, breach, liability or wrongdoing. This Order shall not be construed or used as an admission, concession, or declaration by or against Plaintiffs or the Settlement Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper or unavailable. This Order shall not be construed or used as an admission, concession, declaration or waiver by any party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Defendants to class certification, in the event that the Settlement Agreement is terminated. Moreover, the Settlement Agreement and any proceedings taken pursuant to the Settlement Agreement are for settlement purposes only. Neither the fact of, nor any provision contained in the Settlement Agreement or its exhibits, nor any actions taken thereunder shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of

a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity

of any defense that has been, could have been, or in the future might be asserted.

19.    **Jurisdiction**: The Court hereby retains jurisdiction for purposes of implementing

the Settlement, and reserves the power to enter additional orders to effectuate the fair and orderly

administration and consummation of the Settlement as may from time to time be appropriate, and

to resolve any and all disputes arising thereunder.

20.    **Continuance of Hearing**: The Court reserves the right to continue the Fairness

Hearing without further written notice.

IT IS SO ORDERED.

Dated:        April 27, 2016
             Rochester, New York


DAVID G. LARIMER
UNITED STATES DISTRICT JUDGE

11

# EXHIBIT A

**If, between January 1, 2010 and March 31, 2012, you had an account in the Eastman Kodak Employees' Savings and Investment Plan and your Plan account included investments in the Kodak Stock Fund, and/or you had an account in the Kodak Employee Stock Ownership Plan, you could be entitled to a payment under a proposed class action Settlement.**

***THIS NOTICE MAY AFFECT YOUR LEGAL RIGHTS. PLEASE READ IT CAREFULLY.***

This is an official court notice from the United States District Court for the Western District of New York *In re Eastman Kodak ERISA Litigation*, Civil Action No. 12-06051-DGL

*Kodak ERISA Litigation Settlement*
c/o A.B. Data, Ltd.
Settlement Administrator
PO Box 170500
Milwaukee, WI 53217

«Barcode»
Postal Service: Please do not mark barcode

«ClaimID» «MailRec»

«First» «Last»
«CO»
«Addr2»
«Addr1»
«City», «S1» «Zip» «Country»

*This notice has been delivered to you to notify you of a
proposed $9.7 million cash settlement of an ERISA class action.*

Records show that, between January 1, 2010 and March 31, 2012, you are or were a participant in the Kodak Employee Stock Ownership Plan (the "ESOP"), and or you are or were a participant in the Eastman Kodak Employees' Savings and Investment Plan (the "SIP") and that your SIP Plan account held investments in the Kodak Stock Fund. As a result, you may be entitled to a payment pursuant to a proposed class action settlement in *In re Eastman Kodak ERISA Litigation,* Civil Action No. 12-06051-DGL.

In this case, the Plaintiffs claim that certain individuals and entities (collectively the "Defendants") breached their fiduciary duties owed the ESOP and the SIP (together, the "Plans"), under the Employee Retirement Income Security Act of 1974 ("ERISA") in connection with their administration of the Plans by continuing the Plans' investment in the Kodak stock when Defendants knew or should have known based solely on publicly available information that Kodak stock was an imprudent investment option for the Plans. The Defendants deny any and all wrongdoing and have asserted many defenses, which they believe would have been ultimately successful. However, the Parties have reached agreement to settle the dispute and the proposed Settlement is under review by the Court. As part of the proposed Settlement, qualified class members who are current participants in the SIP and who show a loss under the proposed Plan of Allocation will receive payment to their account(s) in the Plan(s). (Former participants will either receive payments directly or will have a new SIP Plan account established for receipt of their share of the Settlement, depending on the total amount of their net loss.) *You do not need to do anything to receive a payment under the Settlement but your rights will be affected. The Settlement includes a release of claims related to the administration of the Plans and the selection of investment options under the Plans.*

The Court will hold a Fairness Hearing on *[MONTH & DAY], 2016,* at **XX:XX** to consider whether to approve the Settlement, the proposed Plan of Allocation, Plaintiffs' Counsel's application for up to one third of the Settlement Fund in attorneys' fees and approximately $_____ in expenses, and Case Contribution Awards for each of the plaintiffs who have been appointed by the Court to represent the class, which award shall not exceed $5,000 each. You cannot exclude yourself from the Settlement. You can, however, file written comments or objections with the Court and appear and speak at the Fairness Hearing at your own expense. To do so, you must submit your comments no later than *[MONTH & DAY], 2016.* Detailed instructions can be found on the settlement website at **www._____.com,** where you can also obtain a more detailed notice about the terms of the Settlement and how the payments will be calculated, as well as the Settlement Agreement and related materials. Additional information, including Plaintiffs' Counsel's application for attorneys' fees, will be posted on the Settlement Website as they are filed with the Court. You may also write to *Kodak ERISA Litigation Settlement,* c/o A.B. Data, Ltd., Settlement Administrator, PO Box 170500, Milwaukee, WI 53217 to request copies of these materials. This notice is only a summary.

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE EASTMAN KODAK ERISA LITIGATION | **MASTER FILE NO. 6:12-CV-06051-DGL** |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

## NOTICE OF CLASS ACTION SETTLEMENT

To all members of the following class:

> *All Persons who, at any time between January 1, 2010 and March 31, 2012 (the "Class Period"), (a) were participants in or beneficiaries of the Kodak Employee Stock Ownership Plan (the "ESOP"), and/or (b) were participants in or beneficiaries of the Eastman Kodak Employees' Savings and Investment Plan (the "SIP"), and whose SIP Plan accounts included investments in the Kodak Stock Fund.*

### PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.
### A FEDERAL COURT AUTHORIZED THIS NOTICE.
### THIS IS NOT A SOLICITATION.

- If you are a member of the Settlement Class, your legal rights will be affected by a proposed settlement in a class action lawsuit entitled *In re Eastman Kodak, Inc. ERISA Litigation*, Civil Action No. 12-06051-DGL, in the United States District Court for the Western District of New York (the "Action").

- The Settlement resolves a class action lawsuit over whether certain entities and individuals alleged to be fiduciaries of the ESOP and/or the SIP (together, the "Plans") breached their fiduciary duties by violating the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA") with respect to the Plans' investment of assets in Kodak Stock.

- The proposed Settlement will result in the creation of a $9.7 million settlement fund.

- The Court has scheduled a hearing on _____, 2016 to consider whether to approve the Settlement and certain other related matters. If approved, the Settlement would result in payments to qualifying members of the Settlement Class. *See* Question [11] below.

- This Notice is intended to provide information about how this lawsuit and the proposed Settlement may affect your rights and what steps you may take in that regard. This Notice does not express the Court's opinion on the merits of the claims or the defenses asserted in the lawsuit.

**QUESTIONS? CALL (__) ___-____ TOLL FREE, OR VISIT** *www._____.com*
**Do not call the Court or Kodak with your questions.**

- If the Settlement is approved, your legal rights will be affected whether you act or not. Please read this Notice carefully.

| *YOUR LEGAL RIGHTS AND OPTIONS* | |
|---|---|
| **DO NOTHING** | You do not need to do anything in response to this Notice. If the Settlement is approved by the Court and you are a member of the Settlement Class, you will receive whatever payment you may be entitled to under the Settlement without having to file a claim or take any other action. |
| **FILE AN OBJECTION** | If you want to submit comments or objections to any aspect of the Settlement, you may write to the Court and the parties' attorneys. *See* Question [16] below. |
| **GO TO A HEARING** | If you submit comments or objections to the Settlement to the Court, you and/or your attorney may appear at the Fairness Hearing and ask to speak to the Court. *See* Question [19] below. |

- These rights and options – **and the deadlines you must comply with to exercise them** – are explained in detail in this Notice.

- The Court will decide whether to approve the Settlement. Payments to Settlement Class Members will be made only if the Court approves the Settlement and only after any appeals are resolved and calculations under the Plan of Allocation are completed. Please be patient.

## GENERAL INFORMATION

| 1. | Why did I get this notice? |
|---|---|

This Notice provides a summary of a class action lawsuit, the terms of a proposed Settlement of that lawsuit, and the ways in which that settlement will affect the legal rights of those individuals who are members of the Settlement Class.

You are receiving this Notice because you are a potential member of the Settlement Class. This means that you or someone in your family is or was a participant in either or both of the ESOP or the SIP at any time between January 1, 2010 and March 31, 2012 (the "Class Period"). In the case of SIP participants, their SIP account(s) must have included investments in the Kodak Stock Fund.

The Court directed that this Notice be sent to potential members of the Settlement Class because they have a right to know about the proposed Settlement of this lawsuit, and about all of their options before the Court decides whether to approve the Settlement. If the Court approves the

**QUESTIONS? CALL (__) ___-____ TOLL FREE, OR VISIT** *www._____.com*
**Do not call the Court or Kodak with your questions.**

Settlement, and after any appeals are resolved, the net settlement proceeds will be distributed pursuant to a Court-approved "Plan of Allocation."

| 2. | What is this lawsuit about? |
|---|---|

This class action lawsuit is called *In re Eastman Kodak ERISA Litigation*, Civil Action No. 12-06051-DGL (the "Action"). It is pending in the United States District Court for the Western District of New York before U.S. District Judge David G. Larimer.

The people who brought the lawsuit are called the Plaintiffs. The Plaintiffs in this case are Katherine Bolger, Mark Gedek, Thomas W. Greenwood, Allen E. Hartter, Mark J. Nenni and Sue Toal. For purposes of the proposed Settlement, they have been appointed to represent the Settlement Class.

The people and entities the Plaintiffs sued are called the Defendants. In this case, investment committees for the Plans, the members of the committees during the Class Period and the Trustee for the SIP are the Defendants.

The Action claims that the Defendants were fiduciaries of the Plans and violated the fiduciary duties of loyalty, care and prudence under ERISA that they owed to participants in the Plans regarding investment of the assets of the Plans in Kodak stock. In the Complaint, Plaintiffs asserted causes of action for the losses they allege were suffered by the Plans as the result of the alleged breaches of fiduciary duties by the Defendants.

Participants in the SIP (but not the ESOP) were able to allocate their account balances among various investment funds. The investment funds included a fund invested in Kodak common stock ("Kodak Stock Fund"). Participants in the ESOP were invested solely in shares of Kodak stock. This Action concerns only SIP investments in the Kodak Stock Fund, as well as the ESOP's investment in Kodak stock.

The case has been litigated for several years. The Consolidated Class Action Complaint was filed on September 14, 2012. The Consolidated Class Action Complaint asserts claims under ERISA for breaches of fiduciary duties by Defendants for failing to prudently and loyally manage the Plans and the Plans' assets (Counts I and II) and also alleges co-fiduciary liability against all the Defendants (Count III). By this Action, Plaintiffs sought to recover the alleged losses due to investment of Plan assets in Kodak stock, as well as equitable, injunctive and other monetary relief, including attorneys' fees. The Defendants have denied beach of any fiduciary duty, violation of ERISA, or any other wrongdoing, and have asserted various defenses which they believe would have been ultimately successful.

On October 29, 2012, Defendants moved to dismiss Plaintiffs' claims on the grounds that Plaintiffs failed to state a viable legal claim. All Parties filed legal briefs and supporting documents with the Court, which held a hearing on the motion in 2013. On December 17, 2014, the Court issued a ruling denying the Motion to Dismiss, finding that Plaintiffs had adequately

pleaded claims for breach of fiduciary duties of prudence and co-fiduciary liability based on those breaches. *See Gedek v. Perez*, 66 F. Supp. 3d 368 (W.D.N.Y. Dec. 17, 2014).

Plaintiffs' Counsel have conducted an extensive investigation of the allegations in the Action and of the losses allegedly suffered by participants and/or beneficiaries of the Plan. In addition, through that investigation and through discovery of information in the Action, Plaintiffs' Counsel have obtained and reviewed documents from Defendants, including Plan governing documents and materials, communications with Plan participants, internal Kodak documents regarding the Plan, SEC filings, press releases, public statements, news articles and other publications, and other documents regarding the underlying issues that the Plaintiffs allege made investment of the Plans' assets in the Kodak stock and the Kodak Stock Fund imprudent.

The proposed Settlement is the product of hard-fought negotiations between Plaintiffs' Counsel and the Defendants' Counsel, with the assistance of an experienced mediator. Throughout the negotiations, Plaintiffs' Counsel and Defendants' Counsel were advised by individuals with expertise in the estimation of potential losses or damages in cases involving ERISA fiduciary liability.

All Defendants deny the claims in the Action and have vigorously defended the litigation. The Defendants have expressly denied any wrongdoing or liability of any kind, and believe that they would have been ultimately successful.

Plaintiffs do not concede in settling this Action that their claims lack merit.

| 3. | Why is the Action a class action? |
|----|-----------------------------------|

In a class action, one or more people called class representatives (in this case Plaintiffs Katherine Bolger, Mark Gedek, Thomas W. Greenwood, Allen E. Hartter, Mark J. Nenni and Sue Toal), sue on behalf of other people who have similar claims. All of the people who have similar claims make up a "class" and are referred to individually as "class members". Bringing a lawsuit as a class action allows the court to consider and resolve all at once many similar individual claims that might be economically too small to bring individually. The Action at issue here alleges wrongful conduct that affects a large group of people in a similar way. Accordingly, the Plaintiffs filed this action as a class action.

| 4. | Why is there a Settlement? |
|----|----------------------------|

By agreeing to a settlement, both sides avoid the risks and costs of a trial, and the Settlement Class will benefit from the creation of a $9.7 million Settlement Fund. *See* Question [9] below. The terms of the proposed Settlement will be reviewed by the Court.

The Plaintiffs and their attorneys think the settlement is fair, reasonable, and adequate. They also believe that the significant monetary benefits of the proposed Settlement are a good result for the Settlement Class — especially given the possibility that Plaintiffs and the proposed class could

4

otherwise recover nothing if the claims were dismissed by the Court, the uncertainty of the law surrounding Plaintiffs' legal theories, the disputed issues of fact, and the likelihood that litigation of the Action would continue for many years.

| 5. | How do I know if I am affected by the Settlement? |
|----|---|

All Persons who, at any time during the period from January 1, 2010 through March 31, 2012, (a) were participants in or beneficiaries of the ESOP, and/or (b) were participants in or beneficiaries of the SIP, and whose SIP Plan accounts included investments in the Kodak Stock Fund are members of the Settlement Class and are therefore affected by the Settlement.

| 6. | Are any Plan participants excluded from the Settlement Class? |
|----|---|

Yes. Excluded from the Settlement Class are Defendants and their Immediate Family Members, any entity in which a Defendant has a controlling interest, and their heirs, Successors-in-Interest, or assigns (in their capacities as heirs, Successors-in-Interest, or assigns). Additionally, SIP participants who did not hold an investment in the Kodak Stock Fund at some time between January 1, 2010 and March 31, 2012 are not members of the Settlement Class.

| 7. | What if I am still not sure if I am included? |
|----|---|

If you are still not sure whether you are a member of the Settlement Class, you can consult with an attorney of your own choosing or you can call 1-(___) ___-____ or visit *www._____.com* for more information. Please do not call the Court or Kodak.

| 8. | Can I exclude myself from the Settlement Class? |
|----|---|

No. You will be bound by any judgments or orders that are entered in the Action, whether favorable or unfavorable.

## THE SETTLEMENT BENEFITS

| 9. | What does the proposed Settlement provide? |
|----|---|

As part of the proposed Settlement, Defendants have agreed to create a $9.7 million Settlement Fund. After payment of the costs associated with administering the Settlement Fund, associated taxes, any award to Plaintiffs' Counsel for attorneys' fees and expenses, and any awards to the Settlement Class Representatives for their contributions to the Action, as decided by the Court, the

5

QUESTIONS? CALL (___) ___-____ TOLL FREE, OR VISIT *www._____.com*
Do not call the Court or Kodak with your questions.

balance of the Settlement Fund will be distributed to the Plan accounts of qualifying Settlement Class Members in accordance with a Court-approved "Plan of Allocation." The proposed Plan of Allocation is discussed in Question [11] below. If necessary, a Plan account will be created for qualifying Settlement Class Members who no longer have Plan accounts.

| 10. | How do I get a payment? |
|-----|-------------------------|

You do **not** need to file a claim or take any other action to receive a payment in connection with the proposed Settlement. All necessary calculations will be made using the Plan's records.

Payments to Settlement Class Members who are current SIP participants will be credited to their existing SIP Plan accounts and allocated in their entirety to the Plan's current default investment option. Current SIP Plan participants may reallocate their Settlement payment if and as permitted by the Plan.

Payments to Settlement Class Members who liquidated their SIP Plan accounts before the "Effective Date" of the proposed Settlement will be processed in one of two ways. For such Settlement Class Members whose Final Individual Dollar Recovery under the Plan of Allocation, as described in Section 11 below, is greater than or equal to $5000, their share of the Settlement will be credited to a new Plan account established for them by the SIP Recordkeeper and allocated in their entirety to the Plan's current default investment option. Such accounts will be subject to all of the SIP Plan's rules. Former Plan participants will receive notice that the new SIP Plan account has been established along with further instructions and options. Settlement Class members who liquidated their SIP Plan accounts before the Effective Date of the Proposed Settlement whose Final Individual Dollar Recovery under the Plan of Allocation is less than $5000 will receive their share of the Settlement by check. Settlement Class members who receive a check are urged to promptly consult with their financial advisor regarding any tax consequences of such payment and/or how to rollover such payment to your current retirement account.

The ESOP was liquidated in 2012. With respect to Settlement Class Members who were ESOP Participants during the Class Period and are Participants in the SIP as of the date that the Settlement becomes Final, any payment they are entitled to receive for their ESOP account will be added to any payment they may be due for the SIP account and deposited into their existing SIP account. With respect to Settlement Class Members who were ESOP Participants during the Class Period and are *not* Participants in the SIP as of the date that the Settlement becomes Final, any payment they are entitled to receive for their ESOP account will be treated in the same manner as payments for former SIP Plan participants as described in the preceding paragraph.

All payments to Settlement Class Members will be made as promptly as possible after all costs, taxes and other required disbursements are taken out of the Settlement Fund and the balance is transferred to the SIP Plan. Please be patient.

If any of the following applies to you, please contact the Settlement Administrator as soon as possible: (1) your status as a current Plan participant has recently changed or may change in the

6

near future; (2) your mailing address has recently changed or may change in the near future; or (3) you did not receive a mailed notice of the proposed Settlement but believe that you are a Settlement Class Member. The Settlement Administrator can be contacted at:

Kodak ERISA Litigation Settlement
c/o A.B. Data, Ltd.
Settlement Administrator
PO Box 170500
Milwaukee, WI 53217

| |
|---|
| **11.    How much will my payment be?** |

Your share of the Settlement Fund will be calculated as part of the implementation of the Settlement pursuant to a Court-approved Plan of Allocation summarized herein and available at *www._____.com*. The amount of your payment, if any, will depend on the amount of your "Net Loss," as calculated pursuant to the Plan of Allocation, and how that amount compares to the Net Losses of the other qualifying Settlement Class Members. Whether you have a Net Loss under the Plan of Allocation depends on whether and when you bought and/or sold shares of the ESOP or the Kodak Stock Fund in your SIP account between January 1, 2010 and March 31, 2012. You are not responsible for calculating the amount you may be entitled to receive under the proposed Settlement. This calculation will be done by the Settlement Administrator as part of the implementation of the Settlement.

The summary below is not intended to be either an estimate of the amount that a qualifying Settlement Class Members might have been able to recover from Defendants after a trial of the Action. Given the factors above, and because the Court may require changes to the proposed Plan of Allocation before the Settlement is approved, it is also not intended to be an estimate of the amount that will be paid to qualifying Settlement Class Members pursuant to the Settlement if the Settlement is approved by the Court.

**Summary of the Proposed Plan of Allocation**

The formula summarized below is the proposed basis upon which the balance of the Settlement Fund (after payment of costs, taxes, attorneys' fees and expenses) will be proportionately allocated to qualifying Settlement Class Members. Your payment, if any, will be equal to your proportionate share of the total Net Losses of all qualifying Settlement Class Members multiplied by the Net Settlement Fund (subject to certain limitations, also described below). Your payment will be calculated as follows:

The Settlement Administrator shall determine each Settlement Class Member's Net Loss with respect to each Settlement Class Member's account in each of the Plans. The Net Loss for each Settlement Class Member's account in each Plan account (SIP Kodak Stock Fund or ESOP) is equal to $A + B - C - D$, where:

7

**QUESTIONS? CALL (___) ___-____ TOLL FREE, OR VISIT *www._____.com***
**Do not call the Court or Kodak with your questions.**

A =   the dollar value of his or her investment in the relevant Plan account at the opening of trading on the first day of the Class Period, January 1, 2010;

B =   the dollar value of his or her new investments in the relevant Plan account during the period between January 1, 2010 and March 31, 2012, valued at the time of transaction;

C =   the dollar value of his or her dispositions of shares in the relevant Plan account during the period between January 1, 2010 and March 31, 2012, valued at the time of transaction; and

D =   the dollar value of his or her investment in the relevant Plan account at the close of trading on the last day of the Class Period, March 31, 2012.

To the extent a Settlement Class Member has a zero Net Loss or a market gain in the relevant Plan account, the total Net Loss will be $0.00 for that account.

For Settlement Class Members that had accounts in both the SIP-Kodak Stock Fund and in the ESOP, the Net Loss for each account will be separately determined, and gains in one will not be offset against losses in the other.

The Settlement Administrator shall determine each Settlement Class Member's Preliminary Individual Dollar Recovery for each relevant Plan Account. The sum of all Settlement Class Members' total Net Losses is the loss of each of the Plans as a whole over the Class Period (the "Plan's Net Loss"). The ratio of each Settlement Class Member's total Net Loss to the Plan's Net Loss equals his or her Net Loss Percentage. Each Settlement Class Member's Preliminary Individual Dollar Recovery equals the product of his or her Net Loss Percentage and the Net Settlement Fund.

The Settlement Administrator shall then identify all Former Plan Participants whose Preliminary Individual Dollar Recovery is less than or equal to $25.00 (the "*De Minimis* Amount"), who shall be deemed to have a Final Individual Dollar Recovery of $0.00.[1]

The Settlement Administrator shall then recalculate the Net Loss Percentages of the remaining Settlement Class Members by omitting from the calculation of the Plan's Net Loss the total Net Losses of all Former Plan Participants whose Preliminary Individual Dollar Recoveries are equal to or less than the *De Minimis* Amount. Each remaining Settlement Class Member's Final Individual Dollar Recovery equals the product of his or her Net Loss Percentage and the Net Settlement Fund.

---

[1]     Subject to Court approval, the Parties may agree to modify the *De Minimis Amount* at any time before entry of the Final Order based on information they may receive from the Plan's recordkeepers, the Trustee and/or the Settlement Administrator.

8

The foregoing is subject to applicable Plan provisions and procedures regarding inactive accounts, participants who cannot be located, deceased participants and Qualified Domestic Relations Orders.

| 12.    When would I get my payment? |
|---|

The Court has scheduled a hearing on _____, 2016, to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time to make all the required calculations. For these reasons, a payment date cannot be provided at this stage. Please be patient. If for any reason the Settlement is terminated, there will be no payments.

| 13.    What am I giving up in exchange for the Settlement payment? |
|---|

Upon the "Effective Date" of the Settlement, all Settlement Class Members will release and forever discharge, and be forever enjoined from prosecuting, any "Released Plaintiffs' Claims" (as defined below) against any of the "Released Parties" (as defined below).

"Released Plaintiffs' Claims" is defined in the proposed Settlement Agreement to mean any and all claims, demands, rights, liabilities, and causes of action of every nature or description whatsoever, fixed or contingent, known or unknown, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, asserted or that might or could have been asserted in any forum (i) by *Plaintiffs* individually, (ii) by *Plaintiffs* on behalf of the *Plans* or by their participants, fiduciaries, or beneficiaries, (iii) by the *Settlement Class*, and (iv) by the *Plans* themselves or by any participant, fiduciary, or beneficiary in or of the Plans on behalf of the Plans, against any or all of the *Released Parties* that: (a) were brought or could have been brought in the *Action* and arise out of the same or substantially similar facts, circumstances, situations, transactions, or occurrences as those alleged in the *Action* during the *Class Period*; or (b) were brought or could have been brought under *ERISA* with respect to the *Plans'* offering or holding of *Company Stock* during the *Class Period*, including, but not limited to the offering or retaining of the *Kodak Stock* Fund in the *SIP*, or *Company Stock* in the *ESOP* as an investment option, or the investment, acquisition, retention, or disposition of the *Kodak Stock Fund* (or the exercise of any right ancillary or appurtenant to ownership of the *Kodak Stock Fund*) in the *SIP* or *Company Stock* in the *ESOP* under the *Plans*, or at a participant's or beneficiary's direction by or through the *Plans*.

"Released Parties" is defined in the proposed Settlement Agreement to mean each of the *Defendants* and each of the *Defendants'* respective past, present, and future directors, officers, fiduciaries, employees, employers, partners, principals, agents, members, independent contractors, registered *Representatives*, underwriters, issuers, insurers, co-insurers, insureds, reinsurers, controlling shareholders, attorneys, accountants, auditors, investment bankers, advisors, consultants, trustees, investment managers, fiduciaries, committee members, personal

9

*Representatives*, predecessors, service providers, successors, *Successors-in-Interest*, parents, subsidiaries, divisions, assigns, heirs, executors, administrators, associates, related or *Affiliated* entities, and *Immediate Family Members*. Also included in this definition is the *Company* and the *Plans'* trustees, *BNY Mellon Defendants*, T. Rowe Price, and any of their respective subsidiaries, affiliates, predecessor companies, affiliates and subsidiaries, as well as their respective directors, officers, employees, agents, attorneys and/or *Representatives*, and against anyone else who could be deemed a fiduciary of the *SIP* or the *ESOP*.

The "Effective Date" will occur when the order entered by the Court approving the Settlement becomes Final and not subject to appeal.

The above definitions include certain other terms that are separately defined in the proposed Class Action Settlement Agreement ("Settlement Agreement") but are not reproduced here. For more information, please see the Settlement Agreement dated _____, 2016, available on the Settlement website at *www._____.com*.

## THE LAWYERS REPRESENTING YOU

> 14.   Do I have a lawyer in this case?

In its order directing distribution of Class Notice to the Class Members and scheduling the final Settlement hearing, the Court appointed the law firms of Connolly, Wells & Gray, LLP and Izard Nobel LLP to represent the Settlement Class. These lawyers are called Class Counsel. If you want to be represented by your own attorney, you may hire one at your own expense.

> 15.   How will the lawyers be paid?

The Court will determine the amount of any award to Plaintiffs' Counsel, to compensate them for their work on the Action and to reimburse them for associated expenses. Plaintiffs' Counsel intend to ask the Court to award them up to one third of the Settlement Fund in attorneys' fees, plus reimbursement of approximately $_____ in expenses. Any award by the Court will be paid out of the Settlement Fund. You are *not* responsible for paying Plaintiffs' Counsel.

Plaintiffs' Counsel also intend to ask the Court to award Case Contribution Awards of up to $5,000 each for the Settlement Class representatives for their contributions to the prosecution and Settlement of the Action. Any such awards will be paid out of the Settlement Fund.

Copies of Plaintiffs' Counsel's applications for attorneys' fees, expenses, and Case Contribution Awards will be available on the Settlement website at *www._____.com* before the objection deadline.

## OBJECTING TO THE SETTLEMENT

**You can tell the Court that you do not agree with the settlement or some part of it.**

---

16.     How do I tell the Court that I do not like the proposed Settlement?

---

If you are a Settlement Class Member, you can tell the Court that you do not agree with the proposed Settlement or some part of it, including the proposed Plan of Allocation, the request for attorneys' fees and reimbursement of expenses, and/or the request for case contribution awards.

To object, you must send a letter or other writing stating that you object to the settlement in *In re Eastman Kodak, Inc. ERISA Litigation*, Civil Action No. 12-06051-DGL. Be sure to include the following: (i) the name of the Action; (ii) the case number; (iii) your full name, address, and telephone number; (iv) a statement that you are a Settlement Class Member and an explanation for the basis for your being a Settlement Class Member (for example, that you were a participant in the SIP and had some of your SIP account assets invested in the Kodak Stock Fund in 2011 and early 2012); (v) all grounds for your objection; (vi) a statement as to whether you or your counsel intends to appear and would like to speak at the Fairness Hearing; and (vii) a list of any persons you or your counsel may call to testify at the Fairness Hearing in support of your objection. **Your objection must be signed by you or your attorney and must be submitted to the Court and sent to all the following counsel at the following addresses on or before _____, 2016:**

**TO THE COURT:**

Clerk of the U.S. District Court for the Western District of New York
2120 Kenneth B. Keating Federal Building
100 State Street
Rochester, NY 14614
Re: *In re Eastman Kodak. ERISA Litigation*, Civil Action No. 12-06051-DGL

**TO CLASS COUNSEL:**

Gerald Wells III
Connolly, Wells & Gray, LLP
2200 Renaissance Boulevard |
King of Prussia, PA 19406

Mark P. Kindall
Izard Nobel LLP
29 South Main Street, Suite 305
West Hartford, CT 06107

11

**QUESTIONS? CALL (___) ___-____ TOLL FREE, OR VISIT** *www._____.com*
**Do not call the Court or Kodak with your questions.**

**TO COUNSEL FOR THE KODAK
DEFENDANTS**

William J. Kilberg
Paul Blankenstein
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306

**TO COUNSEL FOR THE BNY MELLON
DEFENDANTS**

James O. Fleckner
Alison V. Douglass
Goodwin Procter LLP
Exchange Place
53 State Street
Boston, MA 02109

You do not need to go to the Fairness Hearing to have your written objection considered by the Court. If you do file an objection with the Court, however, you may appear in person or arrange, at your expense, for a lawyer to represent you at the hearing in accordance with the instructions at Question [19] below. If you intend to appear at the Fairness Hearing, or have an attorney appear on your behalf, please confirm with Class Counsel that the time and date of the Fairness Hearing have not changed. If you do file an objection, you may be subject to discovery by the Parties to the Action on the issues related to your objection, including having your deposition taken.

## THE COURT'S FAIRNESS HEARING

| 17. | When and where will the Court decide whether to approve the proposed Settlement? |
|---|---|

The Court will hold a hearing to decide whether to approve the proposed Settlement. This hearing is called a "Fairness Hearing." The Fairness Hearing is scheduled to take place at ___:_____.m. on _____, 2016, at the U.S. District Court for the Western District of New York, Kenneth B. Keating Federal Building, 100 State Street, Rochester, NY 14614. At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. The Court will also consider the proposed Plan of Allocation and the applications for attorneys' fees, expenses and case contribution awards. The Court will take into consideration any written objections filed in accordance with the instructions at Question [16]. The Court may also allow any person who has objected and timely filed a Notice of Appearance to speak at the Fairness Hearing. After the Fairness Hearing, the Court will decide whether to approve the Settlement and whether to award any attorneys' fees, expenses and/or case contribution awards. We do not know how long these decisions will take.

12

QUESTIONS? CALL (___) ___-____ TOLL FREE, OR VISIT *www._____.com*
**Do not call the Court or Kodak with your questions.**

The Court may change the date and time of the Fairness Hearing. If that happens, the Settlement Administrator will post the new date and time for the Fairness Hearing on the Settlement website at *www._____.com* and will notify any Settlement Class Members who have filed objections to the proposed Settlement *as of that date*, but will not notify any other Settlement Class Members, including those who file objections after the Fairness Hearing is rescheduled. Accordingly, if you submit an objection to the Court and you or your counsel intends to attend the Fairness Hearing, please be sure to check the Settlement website regularly to confirm the date and time.

| 18. | Do I have to come to the Fairness Hearing? |
|-----|---------------------------------------------|

No. Class Counsel will answer any questions the Court may have about the proposed Settlement, the proposed Plan of Allocation and the applications for attorneys' fees, expenses and case contribution awards. You and/or your counsel are welcome to attend the Fairness Hearing at your own expense, but you do not have to, even if you filed an objection. The Court will consider every timely-filed objection even if the objectors are not present at the Fairness Hearing.

| 19. | May I speak at the Fairness Hearing? |
|-----|---------------------------------------|

If you are a Settlement Class Member and you file an objection to the proposed settlement or any of its terms before the deadline and in accordance with the instructions at Question [16], you and/or your counsel may ask the Court for permission to speak at the Fairness Hearing. To do so, you must state in your written objection that you intend to appear and would like to speak at the Fairness Hearing. See Question [16] above.

## IF YOU DO NOTHING

| 20. | What happens if I do nothing at all? |
|-----|---------------------------------------|

You do not have to take any action in response to this Notice in order to participate in the Settlement. If the Settlement is approved by the Court, you will receive any payment to which you are entitled under the Court-approved Plan of Allocation. *See* Questions [9] through [12] above.

## GETTING MORE INFORMATION

| 21. | Where can I get more details about the proposed Settlement? |
|-----|-------------------------------------------------------------|

This Notice summarizes the proposed Settlement. The actual terms and conditions of the proposed Settlement are set forth in the Settlement Agreement dated _____, 2016. You can get a copy of

13

**QUESTIONS? CALL (___) ___-____ TOLL FREE, OR VISIT** *www._____.com*
**Do not call the Court or Kodak with your questions.**

the Settlement Agreement, as well as the Court's Preliminary Approval Order, and Plaintiffs' Counsel's applications for attorneys' fees, expenses and case contribution awards (after they are filed) at *www._____.com* or by writing to Class Counsel at the address above. All other papers that have been filed in the Action may be inspected at the office of the Clerk of the Court, U.S. District Court for the Western District of New York, 2120 Kenneth B. Keating Federal Building, 100 State Street, Rochester, NY 14614, during regular business hours.

Dated:        Rochester, New York
              _____, 2016

                              By Order of the Court
                              CLERK OF THE COURT

14

QUESTIONS? CALL (__) ___-____ TOLL FREE, OR VISIT *www._____.com*
Do not call the Court or Kodak with your questions.

# EXHIBIT C

**Connolly Wells & Gray, LLP and Izard Nobel LLP announce a proposed $9.7 million cash Settlement of an ERISA class action on behalf of certain participants in The Kodak Employee Stock Ownership Plan and the Eastman Kodak Employees' Savings and Investment Plan**

NEW YORK – (PR Newswire) – _____, 2016

In the United States District Court for the Western District of New York, in *In re Eastman Kodak ERISA Litigation*, Civil Action No. 12-06051-DGL, a summary notice has been mailed as well as published on the settlement website at www.____.com as follows:

*Summary Notice of Proposed Class Action Settlement*
*and Scheduling of Fairness Hearing*

To:   *All Persons who, at any time during the period from January 1, 2010 through March 31, 2012 (the "Class Period"), (a) were participants in or beneficiaries of The Kodak Employee Stock Ownership Plan (the "ESOP"), and/or (b) were participants in or beneficiaries of the Eastman Kodak Employees' Savings and Investment Plan (the "SIP"), and whose SIP Plan accounts included investments in the Kodak Stock Fund.*

IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS WILL BE AFFECTED AND YOU MAY BE ENTITLED TO A PAYMENT FROM THE SETTLEMENT FUND. PLEASE READ CAREFULLY.

**YOU ARE HEREBY NOTIFIED**, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the Court, that the above-referenced action has been certified as a class action for purposes of a proposed $9.7 million cash settlement, subject to review and final approval by the Court. As part of the proposed Settlement, Settlement Class members who show a loss under the proposed Plan of Allocation may be entitled to a payment under the terms of the Settlement. *You do not need to do anything to receive a payment under the Settlement if you are entitled to one, but your rights will be affected. The Settlement includes a release of claims related to the administration of the Plan and the selection of investment options under the Plan.*

A Fairness Hearing has been scheduled before Judge David Larimer of the United States District Court for the Western District of New York in the Kenneth B. Keating Federal Building, 100 State Street, Rochester, NY 14614, at ____:____ ___.m, on _____, **2016** to determine whether the proposed Settlement should be approved by the Court as fair, reasonable, and adequate, and to consider the proposed Plan of Allocation and Plaintiffs' Counsel's applications for attorneys' fees, expenses and Case Contribution Awards.

You cannot exclude yourself from the Settlement. You can, however, file written comments or objections with the Court. You or your lawyer may also appear and request the opportunity to speak at the Fairness Hearing at your own expense. To do so, *you must send your comments and objections to the Court and the Parties' attorneys no later than _____, 2016. Detailed instructions can be found on the Settlement Website at www._____.com,* where you can also obtain a more detailed Class Notice about the terms of the Settlement, how the existence of a qualifying loss will be determined and how the payments will be calculated, along

with the Settlement Agreement and related materials. Additional information and materials, including Class Counsel's application for attorneys' fees, will be posted on the Settlement Website as they are filed with the Court. You may also write to Kodak ERISA Litigation Settlement, c/o A.B. Data, Ltd., Settlement Administrator, PO Box 170500, Milwaukee, WI 53217 to request copies of these materials.

All other inquiries may be made by writing to Class Counsel at:

Gerald Wells III
Connolly Wells & Gray, LLP
2200 Renaissance Boulevard |
King of Prussia, PA 19406
gwells@cwg-law.com
Tel: 610-822-3700

Mark P. Kindall
Izard Nobel LLP
29 South Main Street, Suite 305
West Hartford, CT 06107
mkindall@izardnobel.com
Tel: 860-493-6294

Published by Order of the U.S. District Court for the Western District of New York

CONTACT:    Gerald Wells III, (610) 822-3700
            Mark Kindall, (860) 493-6294