# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE EASTMAN KODAK ERISA LITIGATION | MASTER FILE NO. 6:12-CV-06051-DG3 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

## DECLARATION OF CHRISTINA PETERS-STASIEWICZ

I, Christina Peters-Stasiewicz, declare pursuant to 28 U.S.C. § 1746 as follows:

1.      I am a Senior Project Manager with A.B. Data, Ltd.'s Class Action Administration Division ("A.B. Data") in Milwaukee, Wisconsin.  My business address is 600 A.B. Data Drive, Milwaukee, WI 53217.  My direct telephone number is 414-961-7527.

2.      This declaration ("Declaration") is based upon my personal knowledge and information provided by my associates and staff.

3.      A.B. Data serves as Settlement Administrator in connection with the settlement of the above-captioned action (the "Action").

4.      This Declaration reports the implementation of the notice program outlined in the Class Action Settlement Agreement and the Order Granting Preliminary Approval of Class Action Settlement (the "Preliminary Approval Order"), which consisted of the following:

   a. Disseminating the Notice of Class Action Settlement (the "Class Notice"), annexed hereto as Exhibit A, to Settlement Class members by United States Postal Services (USPS) First-Class Mail, postage paid;

   b. Establishing a case-specific toll-free telephone line with an interactive voice response (IVR) system and live operators;

   c. Establishing the case-specific website KodakERISAsettlement.com (the "Website");

d.   Coordinating the release of the summary notice via PR Newswire.

**NOTICE EFFECTUATION**

5.      On or about April 27, 2016, A.B. Data received two files (one for Kodak ESOP stock participants and one for Kodak SIP stock participants) which were compiled to prepare a list of names and last-known addresses of Settlement Class members.

6.      A.B. Data combined and de-duplicated the Settlement Class member data; the resulting list of Settlement Class members contained 19,485 records (the "Class List").

7.      On or about April 27, 2016, A.B. Data received the Court-approved draft of the Class Notice and formatted it for printing.

8.      Prior to mailing, A.B. Data standardized and updated the Class List addresses using NCOALink, a national database of address changes compiled by the USPS.

9.      On May 18, 2016, A.B. Data caused Class Notices to be mailed via first-class mail, postage prepaid, to the 19,485 Settlement Class members on the Class List.

10.     As of the date of this Declaration, 625 Class Notices were returned by the USPS to A.B. Data as undeliverable-as-addressed (UAA). Of these Class Notices, six included forwarding addresses and were re-mailed.  None of these six Class Notices were returned as undeliverable.

11.     For the 619 Settlement Class members for whom Class Notices were returned without forwarding addresses, A.B. Data conducted address update research utilizing LexisNexis.  As a result, A.B. Data located 465 updated addresses and re-mailed Class Notices to those addresses.

12.     As of the date of this Declaration, 32 of the re-mailed Class Notices have been returned as undeliverable.

13.     Cumulatively, AB Data was unable to mail Class Notice to 186 individuals on the Class List due to either a bad address on the initial mailing or attempted remailing to an updated address.

14.     In total, Class Notices were successfully mailed or re-mailed to 19,299 Settlement Class members representing approximately 99% of the Class List.   Based on my experience, this success rate compares very favorably to other notice rates in other class actions.

**IVR**

15.     On or about May 15, 2016, a case-specific toll-free number, 866-797-0862, was established with an IVR system.   An automated attendant answers phone calls and presents callers with a series of choices in response to basic questions.   If callers need further help, wish to request a Class Notice, or request a call back from a live operator, they have the option to be transferred to voicemail.

16.     From May 15, 2016, through the date of this Declaration, there were a total of 26 calls received.

**WEBSITE**

17.     On or about May 15, 2016, the Website was established.   The Website includes general information regarding the case, answers to frequently asked questions, and the following case-related documents available for download: the long form class notice (attached hereto as Exhibit B); the Class Action Settlement Agreement; and the Preliminary Approval Order.   As of the date of this Declaration, a total of 1,250 unique visits have been recorded at the Website.

**SUMMARY NOTICE**

18.     On June 1, 2016, in accordance with the Class Action Settlement Agreement, A.B. Data caused the Summary Notice (attached hereto as Exhibit C) to be released over PR Newswire.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this $1^{th}$ day of July, 2016.

Christina Peters-Stasiewicz

# EXHIBIT A

**If, between January 1, 2010 and March 31, 2012, you had an account in the Eastman Kodak Employees' Savings and Investment Plan and your Plan account included investments in the Kodak Stock Fund, and/or you had an account in the Kodak Employee Stock Ownership Plan, you could be entitled to a payment under a proposed class action Settlement.**

***THIS NOTICE MAY AFFECT YOUR LEGAL RIGHTS. PLEASE READ IT CAREFULLY.***

This is an official court notice from the United States District Court for the Western District of New York *In re Eastman Kodak ERISA Litigation,* Civil Action No. 12 06051-DGL

***This notice has been delivered to you to notify you of a proposed $9.7 million cash settlement of an ERISA class action.***

Records show that, between January 1, 2010 and March 31, 2012, you were a participant in the Kodak Employee Stock Ownership Plan (the "ESOP"), and/or you were a participant in the Eastman Kodak Employees' Savings and Investment Plan (the "SIP") and that your SIP Plan account held investments in the Kodak Stock Fund. As a result, you may be entitled to a payment pursuant to a proposed class action settlement in *In re Eastman Kodak ERISA Litigation,* Civil Action No. 12-06051-DGL.

*Kodak ERISA Litigation Settlement*
c/o A.B. Data, Ltd. Settlement Administrator
PO Box 170500
Milwaukee, WI 53217



PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE
**PAID**
MILWAUKEE WI
PERMIT NO. 3780

Postal Service: Please do not mark barcode
Date: May 18, 2016



In this case, the Plaintiffs claim that certain individuals and entities (collectively the "Defendants") breached their fiduciary duties owed the ESOP and the SIP (together, the "Plans"), under the Employee Retirement Income Security Act of 1974 ("ERISA") in connection with their administration of the Plans by continuing the Plans' investment in the Kodak stock when Defendants knew or should have known based solely on publicly available information that Kodak stock was an imprudent investment option for the Plans. The Defendants deny any and all wrongdoing and have asserted many defenses, which they believe would have been ultimately successful. However, the Parties have reached agreement to settle the dispute and the proposed Settlement is under review by the Court. As part of the proposed Settlement, qualified Settlement Class Members from either or both of the Plans who are current participants in the SIP and who show a loss under the proposed Plan of Allocation will receive payment to their SIP account. (Those without a current SIP Plan account will either receive payments directly or will have a new SIP Plan account established for receipt of their share of the Settlement, depending on the total amount of their net loss.) *You do not need to do anything to receive a payment under the Settlement but your rights will be affected. The Settlement includes a release of claims related to the administration of the Plans and the selection of investment options under the Plans.*

The Court will hold a Fairness Hearing on *August 22, 2016, at 2:00 p.m.* to consider whether to approve the Settlement, the proposed Plan of Allocation, Plaintiffs' Counsel's application for up to one third of the Settlement Fund in attorneys' fees and expenses not to exceed $175,000, and Case Contribution Awards for each of the plaintiffs who have been appointed by the Court to represent the Settlement Class, which award shall not exceed $5,000 each. You cannot exclude yourself from the Settlement. You can, however, file written comments or objections with the Court and appear and speak at the Fairness Hearing at your own expense. To do so, you must submit your comments no later than *August 1, 2016*. Detailed instructions can be found on the Settlement Website at **www.KodakERISAsettlement.com**, where you can also obtain a more detailed notice about the terms of the Settlement and how the payments will be calculated, as well as the Settlement Agreement and related materials. Additional information, including Plaintiffs' Counsel's application for attorneys' fees, will be posted on the Settlement Website as they are filed with the Court. You may also write to *Kodak ERISA Litigation Settlement,* c/o A.B. Data, Ltd., Settlement Administrator, PO Box 170500, Milwaukee, WI 53217 to request copies of these materials. This notice is only a summary.





# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE EASTMAN KODAK ERISA LITIGATION | **MASTER FILE NO. 6:12-CV-06051-DGL** |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

## <u>NOTICE OF CLASS ACTION SETTLEMENT</u>

To all members of the following class:

> *All Persons who, at any time between January 1, 2010 and March 31, 2012 (the "Class Period"), (a) were participants in or beneficiaries of the Kodak Employee Stock Ownership Plan (the "ESOP") and/or (b) were participants in or beneficiaries of the Eastman Kodak Employees' Savings and Investment Plan (the "SIP"), and whose SIP Plan accounts included investments in the Kodak Stock Fund.*

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.
A FEDERAL COURT AUTHORIZED THIS NOTICE.
THIS IS NOT A SOLICITATION.**

- If you are a member of the Settlement Class, your legal rights will be affected by a proposed settlement in a class action lawsuit entitled *In re Eastman Kodak ERISA Litigation*, Civil Action No. 12-06051-DGL, in the United States District Court for the Western District of New York (the "Action").

- The Settlement resolves a class action lawsuit over whether certain entities and individuals alleged to be fiduciaries of the ESOP and/or the SIP (together, the "Plans") breached their fiduciary duties by violating the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA") with respect to the Plans' investment of assets in Kodak stock.

- The proposed Settlement will result in the creation of a $9.7 million Settlement Fund.

- The Court has scheduled a hearing on **August 22, 2016** to consider whether to approve the Settlement and certain other related matters. If approved, the Settlement would result in payments to qualifying members of the Settlement Class.  See Question 11 below.

- This Notice is intended to provide information about how this lawsuit and the proposed Settlement may affect your rights and what steps you may take in that regard. This Notice does not express the Court's opinion on the merits of the claims or the defenses asserted in the lawsuit.

- If the Settlement is approved, your legal rights will be affected whether you act or not. Please read this Notice carefully.

**QUESTIONS? CALL (866) 797-0862 TOLL FREE, OR VISIT <u>www.KodakERISAsettlement.com</u>
Do not call the Court or Kodak with your questions.**

| | *YOUR LEGAL RIGHTS AND OPTIONS* |
|---|---|
| **DO NOTHING** | You do not need to do anything in response to this Notice. If the Settlement is approved by the Court and you are a member of the Settlement Class, you will receive whatever payment you may be entitled to under the Settlement without having to file a claim or take any other action. |
| **FILE A COMMENT OR AN OBJECTION Deadline: August 1, 2016** | If you want to submit comments about or objections to any aspect of the Settlement, you may submit your comments or objections in writing to the Court and the parties' attorneys by **August 1, 2016**. *See* Question 16 below. |
| **GO TO A HEARING Scheduled: August 22, 2016** | If you submit comments or objections to the Settlement to the Court, you and/or your attorney may appear at the Fairness Hearing. The Hearing is scheduled to take place at **2:00 p.m.** on **August 22, 2016**, at the U.S. District Court for the Western District of New York, Kenneth B. Keating Federal Building, 100 State Street, Rochester, NY 14614. *See* Question 19 below. |

- These rights and options – **and the deadlines you must comply with to exercise them** – are explained in detail in this Notice.

- The Court will decide whether to approve the Settlement. Payments to Settlement Class Members will be made only if the Court approves the Settlement and only after any appeals are resolved and calculations under the Plan of Allocation are completed. Please be patient.

## GENERAL INFORMATION

| **1.   Why did I get this notice?** |
|---|

This Notice provides a summary of a class action lawsuit, the terms of a proposed Settlement of that lawsuit, and the ways in which that settlement will affect the legal rights of those individuals who are members of the Settlement Class.

You are receiving this Notice because you are a potential member of the Settlement Class. This means that you or someone in your family is or was a participant in either or both of the ESOP or the SIP at any time between January 1, 2010 and March 31, 2012 (the "Class Period"). In the case of SIP participants, their SIP account(s) must have included investments in the Kodak Stock Fund.

The Court directed that this Notice be sent to potential members of the Settlement Class because they have a right to know about the proposed Settlement of this lawsuit, and about all of their options before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any appeals are resolved, the net Settlement proceeds will be distributed pursuant to a Court-approved "Plan of Allocation."

| **2.   What is this lawsuit about?** |
|---|

This class action lawsuit is called *In re Eastman Kodak ERISA Litigation*, Civil Action No. 12-06051-DGL (the "Action"). It is pending in the United States District Court for the Western District of New York before U.S. District Judge David G. Larimer.

The people who brought the lawsuit are called the Plaintiffs. The Plaintiffs in this case are Katherine Bolger, Mark Gedek, Thomas W. Greenwood, Allen E. Hartter, Mark J. Nenni, Sue Toal, and Sandy Paxton. For purposes of the proposed Settlement, they have been appointed to represent the Settlement Class.

The people and entities the Plaintiffs sued are called the Defendants. In this case, investment committees for the Plans, the members of the committees during the Class Period, and the Trustee for the SIP are the Defendants.

The Action claims that the Defendants were fiduciaries of the Plans and violated the fiduciary duties of loyalty, care, and prudence under ERISA that they owed to participants in the Plans regarding investment of the assets of the Plans in Kodak stock. In the Complaint, Plaintiffs asserted causes of action for the losses they allege were suffered by the Plans as the result of the alleged breaches of fiduciary duties by the Defendants.

Participants in the SIP (but not the ESOP) were able to allocate their account balances among various investment funds.  The investment funds included a fund invested in Kodak common stock ("Kodak Stock Fund"). Participants in the ESOP were invested solely in shares of Kodak stock. This Action concerns only SIP investments in the Kodak Stock Fund, as well as the ESOP's investment in Kodak stock.

The case has been litigated for several years. The Consolidated Class Action Complaint was filed on September 14, 2012. The Consolidated Class Action Complaint asserts claims under ERISA for breaches of fiduciary duties by Defendants for failing to prudently and loyally manage the Plans and the Plans' assets (Counts I and II) and also alleges co-fiduciary liability against all the Defendants (Count III). By this Action, Plaintiffs sought to recover the alleged losses due to investment of Plan assets in Kodak stock, as well as equitable, injunctive and other monetary relief, including attorneys' fees. The Defendants have denied beach of any fiduciary duty, violation of ERISA, or any other wrongdoing, and have asserted various defenses that they believe would have been ultimately successful.

On October 29, 2012, Defendants moved to dismiss Plaintiffs' claims on the grounds that Plaintiffs failed to state a viable legal claim. All Parties filed legal briefs and supporting documents with the Court, which held a hearing on the motion in 2013. On December 17, 2014, the Court issued a ruling denying the Motion to Dismiss, finding that Plaintiffs had adequately pleaded claims for breach of fiduciary duties of prudence and co-fiduciary liability based on those breaches. *See Gedek v. Perez*, 66 F. Supp. 3d 368 (W.D.N.Y. Dec. 17, 2014).

Plaintiffs' Counsel have conducted an extensive investigation of the allegations in the Action and of the losses allegedly suffered by participants and/or beneficiaries of the Plan. In addition, through that investigation and through discovery of information in the Action, Plaintiffs' Counsel have obtained and reviewed documents from Defendants, including Plan governing documents and materials, communications with Plan participants, internal Kodak documents regarding the Plan, SEC filings, press releases, public statements, news articles and other publications, and other documents regarding the underlying issues that the Plaintiffs allege made investment of the Plans' assets in the Kodak stock and the Kodak Stock Fund imprudent.

The proposed Settlement is the product of hard-fought negotiations between Plaintiffs' Counsel and the Defendants' Counsel, with the assistance of an experienced mediator. Throughout the negotiations, Plaintiffs' Counsel and Defendants' Counsel were advised by individuals with expertise in the estimation of potential losses or damages in cases involving ERISA fiduciary liability.

All Defendants deny the claims in the Action and have vigorously defended the litigation. The Defendants have expressly denied any wrongdoing or liability of any kind, and believe that they would have been ultimately successful.

Plaintiffs do not concede in settling this Action that their claims lack merit.

## 3.  Why is the Action a class action?

In a class action, one or more people called class representatives (in this case Katherine Bolger, Mark Gedek, Thomas W. Greenwood, Allen E. Hartter, Mark J. Nenni, Sue Toal, and Sandy Paxton), sue on behalf of other people who have similar claims. All of the people who have similar claims make up a "class" and are referred to individually as "class members." Bringing a lawsuit as a class action allows the court to consider and resolve all at once many similar individual claims that might be economically too small to bring individually. The Action at issue here alleges wrongful conduct that affects a large group of people in a similar way. Accordingly, the Plaintiffs filed this action as a class action.

## 4.  Why is there a Settlement?

By agreeing to a settlement, both sides avoid the risks and costs of a trial, and the Settlement Class will benefit from the creation of a $9.7 million Settlement Fund. *See* Question 9 below. The terms of the proposed Settlement will be reviewed by the Court.

The Plaintiffs and their attorneys think the settlement is fair, reasonable, and adequate. They also believe that the significant monetary benefits of the proposed Settlement are a good result for the Settlement Class – especially given the possibility that Plaintiffs and the proposed class could otherwise recover nothing if the claims were dismissed by the Court, the uncertainty of the law surrounding Plaintiffs' legal theories, the disputed issues of fact, and the likelihood that litigation of the Action would continue for many years.

## 5.  How do I know if I am affected by the Settlement?

All Persons who, at any time during the period from January 1, 2010 through March 31, 2012, (a) were participants in or beneficiaries of the ESOP and/or (b) were participants in or beneficiaries of the SIP, and whose SIP Plan accounts included investments in the Kodak Stock Fund are members of the Settlement Class and are therefore affected by the Settlement. This definition is subject to the conditions set forth under Question 6, below.

## 6.  Are any Plan participants excluded from the Settlement Class?

Yes. Excluded from the Settlement Class are Defendants and their Immediate Family Members, any entity in which a Defendant has a controlling interest, and their heirs, Successors-in-Interest, or assigns (in their capacities as heirs, Successors-in-Interest, or assigns). Additionally, SIP participants who did not hold an investment in the Kodak Stock Fund at some time between January 1, 2010 and March 31, 2012 are not members of the Settlement Class.

## 7.  What if I am still not sure if I am included?

If you are still not sure whether you are a member of the Settlement Class, you can consult with an attorney of your own choosing or you can call 1-866-797-0862 or visit www.KodakERISAsettlement.com for more information. Please do not call the Court or Kodak.

| **8.   Can I exclude myself from the Settlement Class?** |
|---|

No. You will be bound by any judgments or orders that are entered in the Action, whether favorable or unfavorable.

## THE SETTLEMENT BENEFITS

| **9.   What does the proposed Settlement provide?** |
|---|

As part of the proposed Settlement, Defendants have agreed to create a $9.7 million Settlement Fund. After payment of the costs associated with administering the Settlement Fund, associated taxes, any award to Plaintiffs' Counsel for attorneys' fees and expenses, and any awards to the Settlement Class Representatives for their contributions to the Action, as decided by the Court, the balance of the Settlement Fund will be distributed to qualifying Settlement Class Members in accordance with a Court-approved "Plan of Allocation." The proposed Plan of Allocation is discussed in Question 11 below.

| **10. How do I get a payment?** |
|---|

You do not need to file a claim or take any other action to receive a payment in connection with the proposed Settlement.  All necessary calculations will be made using the Plan's records.

Payments to Settlement Class Members who are current SIP participants will be credited to their existing SIP Plan accounts and allocated in their entirety to the Plan's current default investment option. Current SIP Plan participants may reallocate their Settlement payment if and as permitted by the Plan.

Payments to Settlement Class Members who liquidated their SIP Plan accounts before the "Effective Date" of the proposed Settlement will be processed in one of two ways. For such Settlement Class Members whose Final Individual Dollar Recovery under the Plan of Allocation, as described in Question 11 below, is greater than or equal to $5000.00, their share of the Settlement will be credited to a new Plan account established for them by the SIP Recordkeeper and allocated in their entirety to the Plan's current default investment option. Such accounts will be subject to all of the SIP Plan's rules. Former Plan participants will receive notice that the new SIP Plan account has been established along with further instructions and options. Settlement Class members who liquidated their SIP Plan accounts before the Effective Date of the Proposed Settlement whose Final Individual Dollar Recovery under the Plan of Allocation is less than $5000.00 will receive their share of the Settlement by check. Settlement Class members who receive a check are urged to consult promptly with their financial advisors regarding any tax consequences of such payment and/or how to roll over such payment to your current retirement account.

The ESOP was liquidated in 2012. With respect to Settlement Class Members who were ESOP Participants during the Class Period and are Participants in the SIP as of the date that the Settlement becomes Final, any payment they are entitled to receive for their ESOP account will be added to any payment they may be due for the SIP account and deposited into their existing SIP account. With respect to Settlement Class Members who were ESOP Participants during the Class Period and are not Participants in the SIP as of the date that the Settlement becomes Final, any payment they are entitled to receive for their ESOP account will be treated in the same manner as payments for former SIP Plan participants as described in the preceding paragraph.

All payments to Settlement Class Members will be made as promptly as possible after all costs, taxes, and other required disbursements are taken out of the Settlement Fund and the balance is transferred to the SIP Plan. Please be patient.

If any of the following applies to you, please contact the Settlement Administrator as soon as possible: (1) your status as a current Plan participant has recently changed or may change in the near future; (2) your mailing address has recently changed or may change in the near future; or (3) you did not receive a mailed notice of the proposed Settlement but believe that you are a Settlement Class Member. The Settlement Administrator can be contacted by phone at the Kodak ERISA Settlement Help Line at 1-866-797-0862, or by mail at:

*In re Eastman Kodak ERISA Litigation* Settlement
c/o A.B. Data, Ltd.
Settlement Administrator
P.O. Box 170500
Milwaukee, WI 53217

## 11. How much will my payment be?

Your share of the Settlement Fund will be calculated as part of the implementation of the Settlement pursuant to a Court-approved Plan of Allocation summarized herein and available at www.KodakERISAsettlement.com. The amount of your payment, if any, will depend on the amount of your "Net Loss," as calculated pursuant to the Plan of Allocation, and how that amount compares with the Net Losses of the other qualifying Settlement Class Members. Whether you have a Net Loss under the Plan of Allocation depends on whether and when you bought and/or sold shares of the ESOP or the Kodak Stock Fund in your SIP account between January 1, 2010 and March 31, 2012. You are not responsible for calculating the amount you may be entitled to receive under the proposed Settlement. This calculation will be done by the Settlement Administrator as part of the implementation of the Settlement.

The summary below is not intended to be either an estimate of the amount that a qualifying Settlement Class Member might have been able to recover from Defendants after a trial of the Action. Given the factors above, and because the Court may require changes to the proposed Plan of Allocation before the Settlement is approved, it is also not intended to be an estimate of the amount that will be paid to qualifying Settlement Class Members pursuant to the Settlement if the Settlement is approved by the Court.

## Summary of the Proposed Plan of Allocation

The formula summarized below is the proposed basis upon which the balance of the Settlement Fund (after payment of costs, taxes, attorneys' fees, and expenses) will be proportionately allocated to qualifying Settlement Class Members. Your payment, if any, will be equal to your proportionate share of the total Net Losses of all qualifying Settlement Class Members multiplied by the Net Settlement Fund (subject to certain limitations, also described below). Your payment will be calculated as follows:

The Settlement Administrator shall determine each Settlement Class Member's Net Loss with respect to each Settlement Class Member's account in each of the Plans. The Net Loss for each Settlement Class Member's account in each Plan account (SIP Kodak Stock Fund or ESOP) is equal to A + B – C – D, where:

$A$ = the dollar value of his or her investment in the relevant Plan account at the opening of trading on the first day of the Class Period, January 1, 2010;

$B$ = the dollar value of his or her new investments in the relevant Plan account

                                   during the period between January 1, 2010, and March 31, 2012, valued at the time of transaction;

C    =    the dollar value of his or her dispositions of shares in the relevant Plan account  during the period between January 1, 2010, and March 31, 2012, valued at the time of transaction; and

D    =    the dollar value of his or her investment in the relevant Plan account at the close of trading on the last day of the Class Period, March 31, 2012.

To the extent a Settlement Class Member has a zero Net Loss or a market gain in the relevant Plan account, the total Net Loss will be $0.00 for that account.

For Settlement Class Members that had accounts in both the SIP-Kodak Stock Fund and in the ESOP, the Net Loss for each account will be separately determined, and gains in one will not be offset against losses in the other.

The Settlement Administrator shall determine each Settlement Class Member's Preliminary Individual Dollar Recovery for each relevant Plan Account. The sum of all Settlement Class Members' total Net Losses is the loss of each of the Plans as a whole over the Class Period (the "Plan's Net Loss"). The ratio of each Settlement Class Member's total Net Loss to the Plan's Net Loss equals his or her Net Loss Percentage. Each Settlement Class Member's Preliminary Individual Dollar Recovery equals the product of his or her Net Loss Percentage and the Net Settlement Fund.

The Settlement Administrator shall then identify all Former Plan Participants whose Preliminary Individual Dollar Recovery is less than or equal to $25.00 (the "De Minimis Amount"), who shall be deemed to have a Final Individual Dollar Recovery of $0.00.[1]

The Settlement Administrator shall then recalculate the Net Loss Percentages of the remaining Settlement Class Members by omitting from the calculation of the Plan's Net Loss the total Net Losses of all Former Plan Participants whose Preliminary Individual Dollar Recoveries are equal to or less than the De Minimis Amount. Each remaining Settlement Class Member's Final Individual Dollar Recovery equals the product of his or her Net Loss Percentage and the Net Settlement Fund.

The foregoing is subject to applicable Plan provisions and procedures regarding inactive accounts, participants who cannot be located, deceased participants, and Qualified Domestic Relations Orders.

## 12. When would I get my payment?

The Court has scheduled a hearing on **August 22, 2016**, to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time to make all the required calculations. For these reasons, a payment date cannot be provided at this stage. Please be patient. If for any reason the Settlement is terminated, there will be no payments.

## 13. What am I giving up in exchange for the Settlement payment?

---

[1] Subject to Court approval, the Parties may agree to modify the *De Minimis Amount* at any time before entry of the Final Order based on information they may receive from the Plan's recordkeepers, the Trustee and/or the Settlement Administrator.

Upon the "Effective Date" of the Settlement, all Settlement Class Members will release and forever discharge, and be forever enjoined from prosecuting, any "Released Plaintiffs' Claims" (as defined below) against any of the "Released Parties" (as defined below).

"Released Plaintiffs' Claims" is defined in the proposed Settlement Agreement to mean any and all claims, demands, rights, liabilities, and causes of action of every nature or description whatsoever, fixed or contingent, known or unknown, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, asserted or that might or could have been asserted in any forum (i) by *Plaintiffs* individually, (ii) by *Plaintiffs* on behalf of the *Plans* or by their participants, fiduciaries, or beneficiaries, (iii) by the *Settlement Class*, and (iv) by the *Plans* themselves or by any participant, fiduciary, or beneficiary in or of the Plans on behalf of the Plans, against any or all of the *Released Parties* that: (a) were brought or could have been brought in the *Action* and arise out of the same or substantially similar facts, circumstances, situations, transactions, or occurrences as those alleged in the *Action* during the *Class Period*; or (b) were brought or could have been brought under *ERISA* with respect to the *Plans'* offering or holding of *Company Stock* during the *Class Period*, including, but not limited to, the offering or retaining of the *Kodak Stock* Fund in the *SIP*, or *Company Stock* in the *ESOP* as an investment option, or the investment, acquisition, retention, or disposition of the *Kodak Stock Fund* (or the exercise of any right ancillary or appurtenant to ownership of the *Kodak Stock Fund*) in the *SIP* or *Company Stock* in the *ESOP* under the *Plans*, or at a participant's or beneficiary's direction by or through the *Plans*.

"Released Parties" is defined in the proposed Settlement Agreement to mean each of the *Defendants* and each of the *Defendants'* respective past, present, and future directors, officers, fiduciaries, employees, employers, partners, principals, agents, members, independent contractors, registered *Representatives*, underwriters, issuers, insurers, co-insurers, insureds, reinsurers, controlling shareholders, attorneys, accountants, auditors, investment bankers, advisors, consultants, trustees, investment managers, fiduciaries, committee members, personal *Representatives*, predecessors, service providers, successors, *Successors-in-Interest*, parents, subsidiaries, divisions, assigns, heirs, executors, administrators, associates, related or *Affiliated* entities, and Immediate *Family Members*. Also included in this definition is the *Company* and the *Plans'* trustees, *BNY Mellon Defendants*, T. Rowe Price, and any of their respective subsidiaries, affiliates, predecessor companies, affiliates, and subsidiaries, as well as their respective directors, officers, employees, agents, attorneys, and/or *Representatives*, and against anyone else who could be deemed a fiduciary of the *SIP* or the *ESOP*.

The "Effective Date" will occur when the order entered by the Court approving the Settlement becomes Final and not subject to appeal.

The above definitions include certain other terms that are separately defined in the proposed Class Action Settlement Agreement ("Settlement Agreement") but are not reproduced here. For more information, please see the Settlement Agreement dated April 22, 2016, available on the Settlement website at www.KodakERISAsettlement.com.

## THE LAWYERS REPRESENTING YOU

### 14. Do I have a lawyer in this case?

In its order directing distribution of Class Notice to the Class Members and scheduling the final Settlement hearing, the Court appointed the law firms of Connolly Wells & Gray, LLP and Izard Nobel LLP to

represent the Settlement Class. These lawyers are called Class Counsel. If you want to be represented by your own attorney, you may hire one at your own expense.

## 15. How will the lawyers be paid?

The Court will determine the amount of any award to Plaintiffs' Counsel to compensate them for their work on the Action and to reimburse them for associated expenses. Plaintiffs' Counsel intends to ask the Court to award them fees not to exceed one-third of the Settlement Fund and expenses not to exceed $175,000.00. Any award by the Court will be paid out of the Settlement Fund. You are **not** responsible for paying Plaintiffs' Counsel.

Plaintiffs' Counsel also intends to ask the Court to award Case Contribution Awards of up to $5,000.00 each for the Settlement Class representatives for their contributions to the prosecution and Settlement of the Action. Any such awards will be paid out of the Settlement Fund.

Copies of Plaintiffs' Counsel's applications for attorneys' fees, expenses, and case contribution awards may be accessed (after they are filed) at the Settlement website at www.KodakERISAsettlement.com before the objection deadline.

## OBJECTING TO THE SETTLEMENT

**You can tell the Court that you do not agree with the settlement or some part of it.**

## 16. How do I tell the Court that I do not like the proposed Settlement?

If you are a Settlement Class Member, you can tell the Court that you do not agree with the proposed Settlement or some part of it, including the proposed Plan of Allocation, the request for attorneys' fees and reimbursement of expenses, and/or the request for case contribution awards.

To object, you must send a letter or other writing stating that you object to the settlement in *In re Eastman Kodak ERISA Litigation*, Civil Action No. 12-06051-DGL. Be sure to include the following: (i) the name of the Action; (ii) the case number; (iii) your full name, address, and telephone number; (iv) a statement that you are a Settlement Class Member and an explanation for the basis for your being a Settlement Class Member (for example, that you were a participant in the SIP and had some of your SIP account assets invested in the Kodak Stock Fund in 2011 and early 2012); (v) all grounds for your objection; (vi) a statement as to whether you or your counsel intends to appear and would like to speak at the Fairness Hearing; and (vii) a list of any persons you or your counsel may call to testify at the Fairness Hearing in support of your objection. **Your objection must be signed by you or your attorney and must be submitted to the Court and sent to all the following counsel at the following addresses on or before August 1, 2016**:

> **TO THE COURT:**
> Clerk of the U.S. District Court for the Western District of New York
> 2120 Kenneth B. Keating Federal Building
> 100 State Street
> Rochester, NY 14614
> Re: *In re Eastman Kodak ERISA Litigation*, Civil Action No. 12-06051-DGL

**TO CLASS COUNSEL:**
Gerald Wells III
Connolly Wells & Gray, LLP
2200 Renaissance Boulevard
King of Prussia, PA  19406

Mark P. Kindall
Izard Nobel LLP
29 South Main Street, Suite 305
West Hartford, CT  06107

**TO COUNSEL FOR THE KODAK DEFENDANTS:**
William J. Kilberg
Paul Blankenstein
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306

**TO COUNSEL FOR THE BNY MELLON DEFENDANTS:**
James O. Fleckner
Alison V. Douglass
Goodwin Procter LLP
Exchange Place
53 State Street
Boston, MA  02109

You do not need to go to the Fairness Hearing to have your written objection considered by the Court. If you do file an objection with the Court, however, you may appear in person or arrange, at your expense, for a lawyer to represent you at the hearing. See Question 19 below. If you intend to appear at the Fairness Hearing, or have an attorney appear on your behalf, please confirm with Class Counsel that the time and date of the Fairness Hearing have not changed. If you do file an objection, you may be subject to discovery by the Parties to the Action on the issues related to your objection, including having your deposition taken.

## THE COURT'S FAIRNESS HEARING

**17. When and where will the Court decide whether to approve the proposed Settlement?**

The Court will hold a hearing to decide whether to approve the proposed Settlement. This hearing is called a "Fairness Hearing." The Fairness Hearing is scheduled to take place at **2:00 p.m.** on **August 22, 2016**, at the U.S. District Court for the Western District of New York, Kenneth B. Keating Federal Building, 100 State Street, Rochester, NY  14614. At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. The Court will also consider the proposed Plan of Allocation and the applications for attorneys' fees, expenses and case contribution awards. The Court will take into consideration any written objections filed in accordance with the instructions at Question 16. The Court may also allow any person who has objected and timely filed a Notice of Appearance to speak at the Fairness Hearing. After the Fairness Hearing, the Court will decide whether to approve the Settlement and whether to award any attorneys' fees, expenses and/or case contribution awards. We do not know how long these decisions will take.

The Court may change the date and time of the Fairness Hearing. If that happens, the Settlement Administrator will post the new date and time for the Fairness Hearing on the Settlement website at www.KodakERISAsettlement.com and will notify any Settlement Class Members who have filed objections to the proposed Settlement *as of that date*, but will not notify any other Settlement Class Members, including those who file objections after the Fairness Hearing is rescheduled. Accordingly, if you submit an objection to the Court and you or your counsel intends to attend the Fairness Hearing, please be sure to check the Settlement website regularly to confirm the date and time.

## 18. Do I have to come to the Fairness Hearing?

No. Class Counsel will answer any questions the Court may have about the proposed Settlement, the proposed Plan of Allocation, and the applications for attorneys' fees, expenses, and case contribution awards. You and/or your counsel are welcome to attend the Fairness Hearing at your own expense, but you do not have to, even if you filed an objection. The Court will consider every timely filed objection even if the objectors are not present at the Fairness Hearing.

## 19. May I speak at the Fairness Hearing?

If you are a Settlement Class Member and you file an objection to the proposed settlement or any of its terms before the deadline and in accordance with the instructions at Question 16, you and/or your counsel may ask the Court for permission to speak at the Fairness Hearing. To do so, you must state in your written objection that you intend to appear and would like to speak at the Fairness Hearing. See Question 16 above.

## IF YOU DO NOTHING

## 20. What happens if I do nothing at all?

You do not have to take any action in response to this Notice in order to participate in the Settlement. If the Settlement is approved by the Court, you will receive any payment to which you are entitled under the Court-approved Plan of Allocation. *See* Questions 9 through 12 above.

## GETTING MORE INFORMATION

## 21. Where can I get more details about the proposed Settlement?

This Notice summarizes the proposed Settlement. The actual terms and conditions of the proposed Settlement are set forth in the Settlement Agreement dated April 22, 2016. You can get a copy of the Settlement Agreement, as well as copies of the Court's Preliminary Approval Order, and Plaintiffs' Counsel's applications for attorneys' fees, expenses, and case contribution awards (after they are filed) at www.KodakERISAsettlement.com or by writing to Class Counsel at the addresses listed above. All other papers that have been filed in the Action may be inspected at the office of the Clerk of the Court, U.S. District Court for the Western District of New York, 2120 Kenneth B. Keating Federal Building, 100 State Street, Rochester, NY 14614, during regular business hours.

Dated:      Rochester, New York
            April 27, 2016

                    By Order of the Court
                    CLERK OF THE COURT

# EXHIBIT C

**Connolly Wells & Gray, LLP and Izard Nobel LLP Announce a Proposed $9.7 Million Cash Settlement of an ERISA Class Action on Behalf of Certain Participants in the Kodak Employee Stock Ownership Plan and the Eastman Kodak Employees' Savings and Investment Plan**

NEW YORK – (PR Newswire) – June 1, 2016

In the United States District Court for the Western District of New York, in *In re Eastman Kodak ERISA Litigation*, Civil Action No. 12-06051-DGL, a Settlement Notice has been mailed as well as published on the Settlement website at www.KodakERISAsettlement.com, a summary of which follows:

### Summary Notice of Proposed Class Action Settlement
### and Scheduling of Fairness Hearing

To: *All Persons who, at any time during the period from January 1, 2010, through March 31, 2012 (the "Class Period"), (a) were participants in or beneficiaries of the Kodak Employee Stock Ownership Plan (the "ESOP") and/or (b) were participants in or beneficiaries of the Eastman Kodak Employees' Savings and Investment Plan (the "SIP"), and whose SIP Plan accounts included investments in the Kodak Stock Fund.*

If you are a member of the class described above, your rights will be affected and you may be entitled to a payment from the Settlement Fund. Please read carefully.

**YOU ARE HEREBY NOTIFIED**, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the Court, that the above-referenced action has been certified as a class action for purposes of a proposed $9.7 million cash settlement, subject to review and final approval by the Court. As part of the proposed Settlement, Settlement Class Members who show a loss under the proposed Plan of Allocation may be entitled to a payment under the terms of the Settlement. *You do not need to do anything to receive a payment under the Settlement if you are entitled to one, but your rights will be affected. The Settlement includes a release of claims related to the administration of the ESOP and SIP (together, the "Plans") and the selection of investment options under the Plans.*

A Fairness Hearing has been scheduled before Judge David G. Larimer of the United States District Court for the Western District of New York in the Kenneth B. Keating Federal Building, 100 State Street, Rochester, NY 14614, at 2:00 p.m., on August 22, 2016, to determine whether the proposed Settlement should be approved by the Court as fair, reasonable, and adequate, and to consider the proposed Plan of Allocation and Plaintiffs' Counsel's applications for attorneys' fees, expenses, and Case Contribution Awards.

You cannot exclude yourself from the Settlement. You can, however, file written comments or objections with the Court. You or your lawyer may also appear and request the opportunity to speak at the Fairness Hearing at your own expense. To do so, *you must send your comments and/or objections to the Court and the Parties' attorneys no later than August 1, 2016*. Detailed instructions can be found on the Settlement website at www.KodakERISAsettlement.com, where you can also obtain a more detailed Class Notice about the terms of the Settlement, how the existence of a qualifying loss will be determined, and how the payments will be calculated, along with the Class Action Settlement Agreement and related materials. Additional information and materials, including Class Counsel's application for attorneys' fees, will be posted on the Settlement website as they are filed with the Court. You may also write to *In re Eastman Kodak ERISA Litigation* Settlement, c/o A.B. Data, Ltd., Settlement Administrator, P.O. Box 170500, Milwaukee, WI 53217 to request copies of these materials.

All other inquiries may be made by writing to Class Counsel at the following addresses:

| | |
|---|---|
| Gerald Wells III | Mark P. Kindall |
| Connolly Wells & Gray, LLP | Izard Nobel LLP |
| 2200 Renaissance Boulevard | 29 South Main Street, Suite 305 |
| King of Prussia, PA 19406 | West Hartford, CT 06107 |
| gwells@cwg-law.com | mkindall@izardnobel.com |
| | |
| Telephone: (610) 822-3700 | Telephone: (860) 493-6294 |

Published by Order of the U.S. District Court for the Western District of New York

CONTACT: Gerald Wells III, (610) 822-3700
Mark Kindall, (860) 493-6294

Source: Connolly Wells & Gray, LLP and Izard Nobel LLP