# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE EASTMAN KODAK ERISA LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | MASTER FILE NO. 6:12-CV-06051-DGL<br><br>JURY TRIAL DEMANDED |

## DECLARATION OF SUSAN TOAL

I, Susan Toal declares and states as follows:

1. I am the surviving spouse of Dale Toal, one of the Named Plaintiffs in this action, and a resident of the state of Colorado.

2. Dale was a former employee of the Eastman Kodak Company ("Kodak"), where he worked from June 1977 until October 2009.

3. I submit this Declaration in support of Plaintiffs' motion for approval of the proposed settlement and fee and expense application.

4. While Dale was employed by Kodak, he was a participant in The Eastman Kodak Employees' Savings and Investment Plan and The Kodak Employees Stock Ownership Plan (the "Plan" or "Plans"). Dale was a participant in the Plans during his employment with Kodak, including during the Class Period. During that period, his Plan accounts contained Kodak's company stock.

5. Dale was represented by Kessler Topaz Meltzer & Check, LLP (hereinafter, "Counsel"). I understand that the Court appointed Izard Nobel LLP and Connolly, Wells & Gray, LLP, as Interim Lead Counsel for all of the ERISA Plaintiffs, and that these firms work

with his Counsel to prosecute this case (together, "Plaintiffs' Counsel"). I believe that these firms have and will continue to vigorously represent the interests of the Settlement Class.

6. After careful consideration, Dale agreed to serve as one of the Named Plaintiffs. After Dale passed away in January of this year, I agree to be substituted for Dale as a Named Plaintiff. However, because of the agreement to settle the action, I was advised by Plaintiffs' Counsel that there was no need to officially substitute me into the case; rather I would stand in Dale's shoes by virtue of being his Plan beneficiary.

7. I understand that among other things, this case was brought as a class action lawsuit against the individuals and entities that were responsible for the Plan to recover losses to the Plan as a result of investment in Kodak stock during the period from January 1, 2010 through March 30, 2012.

8. After Dale agreed to serve as a Named Plaintiff in this case, he conferred regularly with his Counsel, including numerous telephone calls and e-mail correspondence. He also responded to questions and requests for information from Counsel.

9. During the period from May to November of 2015, he responded to three different sets of interrogatories and three different sets of requests for admissions. He also searched for documents in response to a request for production of documents and turned over the responsive documents that he had.

10. Dale understood at the time that he agreed to participate as a Named Plaintiff that he might have to appear for a deposition and give testimony in this action. He arranged a time with his Counsel to have his deposition taken in Colorado in December 2015, but the deposition was postponed pending the outcome of the mediation. However, he was willing to go through the process. Dale was also prepared to give testimony in Court if the case had gone to trial.

11. During the course of the litigation, Dale participated in the following activities: (i) reviewing documents such as Plan-related documents and other materials; (ii) reviewing other Court documents and discussing them with his Counsel; (iii) engaging in regular communications with his Counsel concerning the status and strategy of the case; (iv) searching his own files for documents related to the case and sending what he found to his Counsel; (v) discussing with his Counsel his responses to Defendants' discovery requests; (vi) discussing deposition dates with his Counsel and making arrangements to be deposed; and (vii) discussing the proposed settlement talks with his Counsel in advance of the mediation. He performed these tasks with care and consideration for his role as a representative of a class of persons injured by the Defendants' conduct.

12. The proposed Settlement was reached after Dale's passing. Dale's Counsel reached out to me to discuss the Settlement offer and seek my approval, which I gave.

13. I believe that the proposed Settlement is in the best interests of the Settlement Class and would ask the Court to approve it. I also support the application for attorneys' fees and expenses.

14. I also respectfully request that the Court award me, and the other proposed Settlement Class representatives, a Case Contribution Award of $5,000 each as compensation for the time and effort that we have spent on the case on behalf of the whole Settlement Class.

I declare under penalty of perjury that the foregoing is true and correct.
Executed this 31st day of May, 2016.

_____
Susan Toal