# EXHIBIT 10

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE EASTMAN KODAK ERISA LITIGATION | MASTER FILE NO. 6:12-CV-06051-DGL |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | JURY TRIAL DEMANDED |

## DECLARATION OF PLAINTIFF KATHERINE L. BOLGER

Katherine L. Bolger declares and states as follows:

1. I am one of the named Plaintiffs in this action and a resident of the State of Michigan.

2. I submit this Declaration in support of Plaintiffs' motion for approval of the proposed settlement and the fee and expense application.

3. I was lawfully married to Plaintiff Barry C. Bolger ("Barry") on June 3, 1972 in the City of Sebewaing, State of Michigan. We remained married uninterrupted until Barry passed away on February 28, 2014.

4. My late husband was a former employee of the Eastman Kodak Company ("Kodak"), where he worked for many years until he was laid off in approximately October of 2010.

5. While Barry was employed by Kodak, he was a participant in The Eastman Kodak Employees' Savings and Investment Plan ("401(k) Plan"). During that period, his 401(k) Plan account contained Kodak's company stock.

6. I am represented by Thomas J. McKenna of Gainey McKenna & Egleston (hereinafter, "my counsel"). I understand that the Court appointed Izard Nobel LLP and Connolly, Wells & Gray, LLP, as Interim Lead Counsel for all of the ERISA Plaintiffs and that these firms work with my counsel to prosecute this case (together, "Plaintiffs' Counsel"). I believe that these firms have vigorously represented the interests of the Class and will continue to do so.

7. I know that after careful consideration, my husband Barry agreed with Mr. McKenna that he would serve as one of the named plaintiffs. Barry explained to me that this case was brought as a class action lawsuit against the individuals and entities that managed the 401(k) Plans to recover losses to the 401(k) Plan as a result of investment in Kodak stock during the period from January of 2010 through March of 2012.

8. After Barry agreed to serve as a named plaintiff in this case, I know he conferred regularly with his attorney, Mr. McKenna, including numerous telephone calls and e-mail correspondence. I know he also responded to questions and requests for information from counsel.

9. After Barry passed away, I was substituted into the case and took over Barry's role.

10. I understood when I agreed to participate as a named plaintiff that I might have to appear for a deposition and give testimony in this action. On several separate occasions, I arranged a time with my counsel to travel from Michigan to have my deposition taken in Rochester, New York. Each time the deposition was postponed. However, I was willing to go through the process. I was also prepared to give testimony in court if the case had gone to trial.

11. After I was substituted into the case as a named plaintiff, I responded to interrogatories served by defendants and several different sets of requests for admissions.

12. During the course of the litigation, in addition to what Barry did, I participated in the following activities: (i) reviewing documents such as Plan-related documents and other materials; (ii) reviewing other court documents and discussing them with my counsel; (iii) engaging in regular communications with counsel concerning the status and strategy of the case; (iv) searching my husband's files for documents related to the case and sending what I found to my counsel; (v) regular updates with my counsel concerning my responses to discovery requests; (vi) discussing deposition dates with counsel and making arrangements to attend; (vii) discussing the proposed settlement talks with counsel in advance of the mediation; and (viii) approving the proposed settlement. I performed these tasks with care and consideration for my role as a representative of a class of persons injured by the Defendants' conduct.

13. I believe that the proposed settlement is in the best interests of the Class and would ask the Court to approve it. I also support the application for attorneys' fees and expenses.

14. I also respectfully request that the Court award me, and the other proposed class representatives, a case contribution award of $5,000 each as compensation for the time and effort that all the named plaintiffs and class representatives spent on the case on behalf of the whole class.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 23 day of June, 2016.

_Katherine L. Bolger_
Katherine L. Bolger