UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

IN RE EASTMAN KODAK ERISA LITIGATION,

                                        <u>DECISION AND ORDER</u>:
                                        ATTORNEY FEE REQUEST

                                        MASTER FILE NO. 12-CV-6051L


_____


Plaintiffs brought this class action (consolidated from several separately-filed cases) against Eastman Kodak and other defendants alleging violations of the Employee Retirement Income Security Act ("ERISA"),29 U.S.C. §1001 et seq.  Plaintiffs generally allege that the defendants, fiduciaries of the Eastman Kodak Employees' Savings and Investment Plan (the "Plan"), breached their ERISA-mandated duties through imprudent management, oversight and administration of the Plan.

The operative complaint – an Amended Complaint reflecting the consolidation of seven separately-filed actions – was filed September 14, 2012 (Dkt. #48).  Defendants filed motions to dismiss the complaint on October 29, 2012, which were thoroughly briefed and argued.  The Court denied those motions on December 17, 2014 (Dkt. #75), and the parties commenced discovery in or about February 2015, which included exchanges of interrogatories and requests for admissions, some exchanges of documents, and motions to compel.  In December 2015, the parties agreed to formal mediation to attempt to resolve the matter, and after just one day of mediation which took place in February 24, 2016, the parties reached an agreement to settle the case in its entirety.  On April 22, 2016, the parties executed a Settlement Agreement memorializing its terms.  The parties now move for approval of the settlement (Dkt. #125), which the Court has granted by a separate order, and for an award of attorney fees for

plaintiffs' counsel, representing 30% of the common fund, plus costs, expenses, and class representative awards.  (Dkt. #126).

For the reasons set forth below, the Court grants plaintiffs' counsel a reduced award of attorneys' fees of 25% of the common fund, for a total of $2,425,000.00, plus the requested costs and expenses (which the Court finds are reasonable) in the amount of $119,100.88 and class representative awards of $5,000.00 for each of the class representatives.

## DISCUSSION

ERISA Section 502(g) provides that the Court in its discretion may allow "reasonable attorney's fees and costs . . . to either party."  29 U.S.C. §1132(g)(1).  Where, as here, a party has achieved some degree of success on the merits, the Court may conclude that an award of attorneys' fees is appropriate.  *See Donachie v. Liberty Life Assurance Co. of Boston*, 745 F.3d 41, 46 (2d Cir. 2014).  Given the measure and speed of plaintiff's success in this matter and the efforts expended by counsel toward that end, the Court finds that an award of attorneys' fees is appropriate here, and turns to the question of whether the amount requested – 2.91 million dollars, representing approximately 30% of the $9.7 million common fund – is reasonable.

While there is no precise rule or formula for making that determination, courts in the Second Circuit generally rely on a standard of "presumptive reasonableness" in assessing fees.  *See generally Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2007).  The presumptively reasonable fee "boils down to what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively."  *Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (internal quotation marks omitted).

In determining a reasonable fee, the Court is free to rely on a percentage of recovery determination, and/or to employ the lodestar method (multiplying the attorneys' billable hours by their reasonable billable rate).  However, the recent "trend in the Second Circuit has been to apply the

percentage-of-recovery method and loosely use the lodestar method as a baseline or cross check." *Mendes-Garcia v. 77 Deerhurst Corp.*, 2014 U.S. Dist. LEXIS 188290 at *15 (S.D.N.Y. 2014) (internal quotation marks omitted).

Factors relevant to a determination of the reasonable fee under both the lodestar and percentage of recovery methods include: (1) the time and labor expended by counsel; (2) the size and complexity of the matter; (3) the risks involved in the litigation; (4) the quality of representation; (5) the relationship between the requested fee and the settlement; and (6) considerations of public policy. *See e.g. Simmons*, 575 F.3d 170 at 184; *Goldberger v. Integrated Res., Inc.* 209 F.3d 32, 47 (2d Cir. 2000). Insofar as counsel's hourly rate is concerned, case law "contemplates a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel," and may "include judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." *Townsend v. Benjamin Enters., Inc.*, 679 F.3d 41, 59 (2d Cir. 2012). Determination of the presumptively reasonable rate also generally involves application of the "forum rule," which provides that courts "should generally use the [current] hourly rates employed in the district in which the reviewing court sits." *Simmons*, 575 F.3d 170 at 174.

The fee applicant bears the burden of establishing the appropriate fee, and in considering evidence submitted in support of the fee, the Court is obligated to exclude expenditures of time and manpower that are not "reasonable," such as efforts that proved excessive, redundant, unnecessary or unsuccessful. *Severstal Wheeling, Inc. v. WPN Corp.*, 2016 U.S. Dist. LEXIS 53563 at *10-*11 (S.D.N.Y. 2016).

ERISA class actions are complex by nature. There are risks involved for all. I also recognize that class counsel in this case have demonstrated expertise in this type of litigation. That experience may well have contributed to the relative promptness in concluding the settlement.

Nevertheless, the Court concludes that the requested 30% fee request is excessive in light of the circumstances of this case. The litigation activities were relatively modest. That is a factor. There are

now a large number of attorneys seeking compensation.  Six large firms, contributing at least thirty attorneys and nine paralegals, seek full compensation.  The hours the attorneys claim to have spent, at very high hourly billing rates, exceed what the Court finds to be reasonable.

The pre-settlement proceedings were primarily comprised of the filing and consolidation of the complaints, briefing and argument on a single set of motions to dismiss, engagement in the very early states of discovery including the exchange of production requests, document production and review, and some discovery-related motion practice, and the preparation of written submissions for what turned out to be a single day of mediation.

Plaintiffs claim that these actions required the expenditure of over 2,200 hours of attorney time by counsel at six different firms, at billing rates ranging up to $950/hour, resulting in a lodestar amount of over $1.5 million.  (Dkt. #125-1 at ¶129; Dkt. #126-1 at 6).  However, the Court is aware that "within large-scale litigation . . . there are inherent inefficiencies and redundancies that occur with respect to the time expended on a case employing numerous attorneys, which are outside the scope of compensable attorneys' fees."  *Severstal Wheeling, Inc.*, 2016 U.S. Dist. LEXIS 53563 at *15.  As a result, "across-the-board percentage cuts in hours" have been recognized by the Second Circuit as "a practical means of trimming fat from a fee application."  *In re "Agent Orang" Prod. Liability Litig.*, 818 F.2d 226, 237 (2d Cir. 1987).  *See also Pig Newton, Inc. v. Board of Directors of the Motion Picture Indus. Pension Plan*, 2016 U.S. Dist. LEXIS 22395 at *19-*20 (S.D.N.Y. 2016) (imposing multiple levels of reduction, with a default 15% in reduction in hours to account for billing redundancies).

Upon review of the summary of hours submitted by class counsel, I find that the sheer size of plaintiffs' counsel roster would, of necessity, have caused appreciable duplication of effort, and that an award of attorneys' fees in the full amount requested by plaintiffs would exceed what is a reasonable fee.  The Court also notes, with some concern, that the hours claimed by counsel point to a less-than-efficient distribution of labor: the overwhelming majority of the work performed by legal professionals at the six firms representing plaintiffs (over 70% of the total combined hours) was performed by partners

and comparably senior counsel rather than by associates or paralegals, a troublingly "top-heavy" distribution of labor which does not appear to have been entirely reasonable given the fairly routine matters (such as discovery) that were the focus of most of the case's very short life.  Clearly, such tasks might better have been "better assigned to associates or paralegals." *Pig Newton, Inc.*, 2016 U.S. Dist. LEXIS 22395 at *18.

The Court is also mindful of its obligations to the class members.  As the Second Circuit has noted, even where, as here, no class members have filed formal objections to the rejected fee, the Court must consider attorney fee applications with an eye toward moderation, in order to honor its duty "as a fiduciary who must serve as a guardian of the rights of absent class members." *Goldberger*, 209 F.3d 43 at 52.  *See also Frankenstein v. McCrory Corp.*, 425 F. Supp. 762, 765 (S.D.N.Y. 1977) ("since the fee award in some respects operates to reduce the amount of benefit which might otherwise have accrued to class members, the courts bear a special responsibility to safeguard the interests of these absent plaintiffs").

In order to address these concerns, the Court will impose a modest across-the-board reduction of approximately 16.67% percent of the overall claimed attorneys' fees – from 30% of the common fund, to 25% of the common fund, or $2,425,000.00.  *See generally In re Warner Communications Sec. Litig.*, 518 F. Supp. 735, 749 (S.D.N.Y. 1985) ("[t]raditionally, courts in this Circuit and elsewhere have awarded fees in the 20%-50% range in class actions"), *aff'd*, 798 F.2d 35 (2d Cir. 1986); *Cronas v. Willis Group Holdings, Ltd.*, 2011 U.S. Dist. LEXIS 147171 at *15 (S.D.N.Y. 2011) (granting attorney fees of 21.7% of the common fund in matter requiring over 7,000 hours of effort by class counsel).  This amount is well within the typical 20%-50% range for "percentage of the recovery" fees in class actions. *See e.g., In ReWorldCom, Inc. ERISA Litig.*, 2005 U.S. Dist. LEXIS 29636 at *17-*18 (S.D.N.Y. 2005) (awarding 20% of a $25 million common fund to class counsel who expended over 22,300 hours of attorney and paralegal time, for a lodestar of almost $8 million, and noting that "an award of twenty percent of the common fund recovery is typical of other awards in settlements of this size").

When double-checked against the lodestar, the fee award appears both reasonable and generous.

Initially, I note that the lodestar calculation proposed by class counsel employs billing rates which range from $250-$390/hour for partners from in-district counsel Blitman and King, LLP, to as much as $950/hour for out-of-district counsel (with an average of between $550 and $750/hour for out-of-district counsel at all levels) and $250-$325/hour for out-of-district paralegals. These rates grossly exceed the typical reasonable hourly rates in this district – most recently noted to be $320/hour – for practitioners of comparable skill and experience in such cases, *Dunda v. Aetna Life Ins. Co.*, 2016 U.S. Dist. LEXIS 125946 at *10 (W.D.N.Y. 2016), and class counsel has not made a persuasive showing, necessary to overcome the forum rule, that "the selection of out-of-district counsel was predicated on experience-based, objective factors," and that "the use of in-district counsel would [have] produce[d] a substantially inferior result." *Simmons*, 575 F.3d 170 at 176. As such, the Court will apply reasonable in-district rates in calculating the lodestar. *See Dunda*, 2016 U.S. Dist. LEXIS 125946 at *10 (finding that ERISA plaintiff's counsel's requested $600/hour rate is unreasonable, and determining that a reduced hourly rate of $320/hour is appropriate and commensurate with fee awards for ERISA counsel of similar experience in this district); *Jones v. Life Ins. Co.*, 2011 U.S. Dist. LEXIS 89048 at *13 (W.D.N.Y. 2011) (noting in 2011 that in ERISA cases, hourly rates up to, but not greater than, $300/hour for a partner and $250 for a junior associate, are appropriate). *See generally Litkofsky v. P & L Acquisitions, LLC*, 2016 U.S. Dist. LEXIS 111916 at *25 (E.D.N.Y. 2016) (collecting cases, and nothing that prevailing rates for experienced attorneys in the Eastern District of New York have in recent years ranged up to a maximum of $400/hour for partners and $100/hour for paralegals).

A rough calculation of the lodestar using in-district rates of $325/hour for partners and other senior counsel, $300/hour for associates and $125/hour for paralegals, multiplied by the total number of hours plaintiffs' counsel have submitted for each category of legal professional, yields a total just under $740,000.00. As such, the $2,425,000.00 (20%) fee award is more than 3.25 times the lodestar for this matter – well within the range for typical multipliers in similar common fund cases, and at the high end

of the typical range for matters not uniquely complicated or protracted.  *See generally In re Colgate-Palmolive Co. ERISA Litig.*, 36 F. Supp. 3d 344, 353 (N.D.N.Y. 2014) (median lodestar multiplier in a sampling of 96 ERISA cases was 2.1, with a standard deviation of 1.6); *In re Global Crossing Sec. & ERISA Litig.*, 2004 U.S. Dist. LEXIS 23946 at *110 (S.D.N.Y. 2004) (lodestar multiplier of 2.16 "falls comfortably within the range of lodestar multipliers . . . in common fund cases in the Southern District of New York").

For the foregoing reasons, I find that an attorney fee award of 25% of the common fund constitutes a reasonable and generous fee.  The plaintiffs' motion for attorney fees (Dkt. #126) is granted, in part, and the Court hereby awards attorneys' fees representing 25% of the common fund, in the total amount of $2,425,000.00, plus requested costs and expenses (which the Court finds are reasonable) in the amount of $119,100.88, and class representative awards of $35,000.00 ($5,000.00 for each of the seven class representatives).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        October 4, 2016