**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE EASTMAN KODAK ERISA LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | MASTER FILE NO. 6:12-CV-06051-DGL |

**ORDER AND FINAL JUDGMENT**

On the 22nd day of August, 2016 (Dkt. #131), this Court held a hearing to determine (1) whether the terms and conditions of the Class Action Settlement Agreement dated April 22, 2016 ("the Settlement Agreement") are fair, reasonable and adequate for the settlement of all claims asserted by all members of the Settlement Class against Defendants in the class action captioned *In re Eastman Kodak ERISA Litigation,* Civil Action No. 12-06051-DGL (the "Action"), including the release of all Defendants from the Released Plaintiffs' Claims, and should be approved; (2) whether final judgment should be entered dismissing the Complaint against Defendants with prejudice; (3) whether to approve the proposed Plan of Allocation as a fair and equitable method to allocate the Settlement Fund among all Settlement Class members; (4) whether and in what amount to award Plaintiffs' Counsel fees and expenses; and (5) whether and in what amount to award each of the proposed Plaintiffs a Case Contribution Award in recognition of the time and effort they contributed while representing the members of the Settlement Class. All initial capitalized terms used herein have the meanings set forth in the Settlement Agreement.

The Court having considered all matters submitted to it at the hearing and otherwise, and it appearing that a notice of the Fairness Hearing substantially in the form approved by the Court

was mailed to all persons reasonably identifiable as Settlement Class members and that a summary notice substantially in form approved by the Court was published on the *PR Newswire* and a dedicated Website has been maintained by a notice administrator; and the Court having considered and determined the fairness, reasonableness and adequacy of the Settlement, the proposed Plan of Allocation, and the fairness and reasonableness of the award of attorneys' fees and expenses requested as well as the requested Case Contribution Awards, the Court on this 30th day of September, 2016 enters this Order and Final Judgment on the terms set out below.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. The Court has jurisdiction over the subject matter of the Action and over all parties to it, including all members of the Settlement Class, and the Released Parties.

2. The Court finds for the purposes of the Settlement only that the prerequisites for certification of this Action as a class action under Rules 23(a), 23(b)(1) and 23(b)(2) of the Federal Rules of Civil Procedure have been satisfied in that in this Action: (a) the number of Settlement Class members herein is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the members of the Settlement Class herein; (c) the claims of the Class Representatives designated herein are typical of the claims of the Settlement Class sought to be represented; (d) the Class Representatives have fairly and adequately represented, and will fairly and adequately represent, the interests of the Settlement Class herein. The Court also finds for purposes of settlement only, as required by FED. R. CIV. P. 23(b)(1) and (b)(2) that the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the Parties opposing the claims asserted in this Action or (ii) adjudications as to

individual Settlement Class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede the ability of such persons to protect their interests. The allegations of the Plaintiffs also indicate that Defendants acted on grounds that apply generally to the Settlement Class, and that declaratory relief would be appropriate.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of Settlement only, the Court hereby finally certifies this Action as a class action, with the Settlement Class being defined as follows:

> All Persons who, at any time during the Class Period, (a) were participants in or beneficiaries of the Kodak Employee Stock Ownership Plan (the "ESOP"), and/or (b) were participants in or beneficiaries of the Eastman Kodak Savings and Investment Plan (the "SIP"), and whose SIP Plan accounts included investments in the Kodak Stock Fund. Excluded are Defendants and their Immediate Family Members, any entity in which a Defendant has a controlling interest, and their heirs, Successors-in-Interest, or assigns (in their capacities as heirs, Successors-in-Interest, or assigns).

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Court appoints Settlement Class members Katherine Bolger, Mark Gedek, Thomas W. Greenwood, Allen E. Hartter, Mark J. Nenni, Sandy Paxton, and Sue Toal as representatives for the Settlement Class and Izard, Kindall & Raabe, LLP and Connolly Wells & Gray LLP as Class Counsel for the Settlement Class. Class Counsel who seek to represent the Settlement Class in the Action have done sufficient work and are sufficiently experienced in ERISA class action litigation to represent the interests of the Settlement Class.

5.      The Court determines that the Class Notice transmitted to the Settlement Class and the published Summary Notice provided pursuant to the Preliminary Approval Order concerning the Settlement and the other matters set forth therein are the best notice practicable under the circumstances and, in the form of the Class Notice, included individual notice to all members of the Settlement Class who could be identified through reasonable efforts. Such Notice provided valid, due, and sufficient notice of these proceedings and of the terms of the Settlement Agreement and the Plan of Allocation, to all persons entitled to such notice, and such Notice has fully satisfied the requirements of Fed. R. Civ. P. 23 and the requirements of due process.

6.      The Court determines that the Settlement Agreement was negotiated vigorously and at arm's-length by Plaintiffs and their counsel on behalf of the SIP and the ESOP (collectively, the "Plans") and the Settlement Class and further finds that, at all times, Plaintiffs have acted independently and that their interests are identical to the interests of the Plans and the Settlement Class. If settlement of Plaintiffs' claims had not been achieved, both Plaintiffs and Defendants faced the expense, risk, and uncertainty of extended litigation. The Court further finds that the Settlement complies with the terms of the Department of Labor's Class Exemption for the Release of Claims and Extensions of Credit in Connection with Litigation PTE 2003-39, and is supported by a determination from an independent fiduciary that the Settlement is appropriate for the Plan. Accordingly, the Court determines that the negotiation and consummation of the Settlement by the Plaintiffs on behalf of the Plan and the Settlement Class do not constitute "prohibited transactions" as defined in ERISA §§ 406(a) or (b).

7. Pursuant to Fed. R. Civ. P. 23(e), the Court hereby approves and confirms the Settlement embodied in the Settlement Agreement as being a fair, reasonable, and adequate settlement and compromise of the Action and in the best interests of the Settlement Class. The Court orders that the Settlement Agreement shall be consummated and fully implemented in accordance with its terms and conditions.

8. The Court hereby finds that the Plan of Allocation provides a fair and equitable basis upon which to allocate the proceeds of the Settlement Fund among the Settlement Class members. A full and fair opportunity was accorded to all Settlement Class members to be heard with respect to the Plan of Allocation. Accordingly, the Court hereby approves the Plan of Allocation.

9. The Action is hereby dismissed with prejudice, each party to bear its own costs, except as provided herein.

10. The Court having certified the Action as a non-opt-out class action under Fed. R. Civ. P. 23(a) and 23(b)(1) and 23(b)(2), Settlement Class members shall be bound by the Settlement.

11. Upon the Effective Date of the Settlement, the Plans, by and through the Independent Fiduciary retained pursuant to Section 2.4 of the Settlement Agreement, and by operation of this Order, both on the behalf of the Plans, and on behalf of the Plans' participants who are members of the Settlement Class, absolutely and unconditionally release and forever discharge each and all of the Released Parties from the Released Plaintiffs' Claims. Nothing herein, however, is intended to include a release of any rights or duties arising directly out of the Settlement Agreement, including the express warranties and covenants contained therein.

12. Upon the Effective Date of the Settlement, Plaintiffs and Settlement Class members, and the Plans and all participants, fiduciaries and beneficiaries in or of the Plans, and all Successors-In-Interest of any of the foregoing absolutely and unconditionally release and forever discharge the Released Parties from the Released Plaintiffs' Claims. Each Released Party also releases each of the other Released Parties from any and all claims, including claims for contribution, subrogation, and/or indemnity, relating to Released Defendants' Claims, but excluding any claims for indemnity that any Individual Defendant may have against the Company that do not pertain or relate to the Action. Nothing herein, however, is intended to include a release of any rights or duties arising directly out of the Settlement Agreement, including the express warranties and covenants contained therein.

13. Upon the Effective Date of the Settlement, Defendants and the other Released Parties absolutely and unconditionally release and forever discharge the Plaintiffs, the Plan, the Settlement Class, Plaintiffs' Counsel, and all Successors-in-Interest of any of the foregoing from the Released Defendants' Claims.

14. Nothing herein, however, is intended to include a release of any rights or duties arising directly out of the Settlement Agreement, including the express warranties and covenants contained therein.  The Parties intend the Settlement to be a final and complete resolution of all disputes asserted or which could have been asserted by Plaintiffs, the Settlement Class, the Plan, and Plaintiffs' Counsel against the Released Parties with respect to the Released Plaintiffs' Claims.  Accordingly, Plaintiffs and Defendants shall not assert in any forum that the claims asserted in the Action were brought or defended in bad faith or without a reasonable basis.  The Parties shall not assert any contention regarding a violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense or settlement of the Action.  Except as

expressly set forth in the Settlement Agreement, each party shall bear his, her or its own costs and expenses, including attorneys' fees.

15. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, the Final Order shall be rendered null and void and shall be vacated *nunc pro tunc*, and the Action shall proceed in the manner provided in the Settlement Agreement and the Order of Preliminary Approval.

16. Upon the Effective Date of the Settlement, Plaintiffs, the Plans, and all Settlement Class members are permanently enjoined and barred from commencing or prosecuting any action asserting any of the Released Plaintiffs' Claims against any of the Released Parties, and each of the Released Parties is permanently enjoined and barred from commencing or prosecuting any action relating to any of the Released Defendants' claims against the Plaintiffs, the Plans, Settlement Class Members, and the other Released Parties.

17. The Settlement Agreement and this Final Order do not and shall not be construed, argued, or deemed in any way to be (a) an admission or concession by Defendants with respect to any of the Released Plaintiffs' Claims or evidence of any violation of any statute or law or other wrongdoing, fault, or liability by Defendants, or (b) an admission or concession by Plaintiffs or any member of the Settlement Class that their claims lack merit or that the defenses that have been or may have been asserted by Defendants have merit. Absent written agreement of the Parties, in the event this Order and Final Judgment approving the Settlement is reversed, vacated, or modified in any respect by the Court or any other court, the certification of the Settlement Class shall be vacated, the Action shall proceed as though the Settlement Class had never been certified, and no reference to the prior Settlement Class or any documents related thereto shall be made for any purpose. Nothing herein shall be deemed to preclude Defendants

from contesting class certification for any other purpose if the Settlement is reversed, vacated, or modified in any respect by the Court or any other court.

18. The Settlement Agreement and the Order ane Final Judgment shall not be offered or received in evidence by any Settlement Class member or Party to this action in any civil or administrative action or proceeding other than proceedings necessary to approve or enforce the terms of the Settlement Agreement and this Order and Final Judgment.

19. Class Representatives, Katherine Bolger, Mark Gedek, Thomas W. Greenwood, Allen E. Hartter, Mark J. Nenni, Sandy Paxton, and Sue Toal are each awarded $5,000.00 as a Plaintiff Case Contribution Award, as defined in the Settlement Agreement, in recognition of their contributions to this Action, to be paid from the Settlement Fund in accordance with the Settlement Agreement.

20. Plaintiffs' Counsel had sought attorney fees in the amount of 30% of the gross Settlement Fund, but by separate Decision and Order (Attorney Fee Request) filed this date, the Court has determined that a lesser award, 25% of the gross Settlement Fund, is fair and reasonable. The Court, therefore, awards attorneys fees in the amount of $2,425,000.00, 25% of the gross Settlement Fund, to be paid in accordance with the terms of the Settlement Agreement.

21. The litigation expenses incurred by Plaintiffs' Counsel in the course of prosecuting this action are fair and reasonable. Accordingly, expenses are awarded in the amount of $119,100.88, to be paid from the Settlement Fund in accordance with the Settlement Agreement.

22. Without affecting the finality of this Judgment, the Court retains jurisdiction for purposes of implementing the Settlement Agreement and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement Agreement and the Settlement, as may from time to time be appropriate, and resolution of any and all disputes arising thereunder.

The Clerk is directed to enter judgment accordingly, and administratively close the case.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 4, 2016